Hillsborough, }
Dec. 4, 1917. }

### FRED K. RAMSEY *v.* JOSEPH F. LANDRY & *a.*

DEBT, upon a replevin bond. Trial by the court and verdict for plaintiff. The following facts were found:

January 9, 1911, Thomas B. Donnelly, a deputy of the plaintiff, sheriff of the county, attached upon a writ in favor of Leda Pepin an automobile as the property of the defendant in the writ, Joseph DeChamplain, and upon the next day made a second attachment of the same upon a writ in favor of W. Y. Hadlock against the same defendant, subject to the attachment in favor of Pepin. January 18, 1911, the defendant Joseph F. Landry, replevied the automobile from the officer attaching the same, giving the bond in suit. At the September term, 1912, the case was heard before a justice of the court; the counsel for the plaintiffs, Pepin and Hadlock, appeared for the defendant Donnelly. At this hearing it was found that Donnelly was entitled to a return of the automobile replevied and to judgment for $350 damages and costs. On December 2, 1912, execution was issued in accordance with the finding for the return of the automobile replevied and for $350 damages and costs taxed at $22.50 to satisfy the judgment in *Hadlock* v. *DeChamplain*. December 23, 1912, Landry having paid to Donnelly's and Hadlock's counsel $657.97, they endorsed upon the execution an acknowledgment of its satisfaction and an assignment of the same to counsel for Landry and DeChamplain, and signed the same, "Atty. for plff. W. Y. Hadlock & Thos. B. Donnelly."

At the May term, 1914, the action was brought forward and the judgment vacated upon the ground of mistake (in omitting reference in the judgment and execution to the Pepin attachment), and at the January term, 1917, the execution issued thereon was ordered canceled. Pepin in her suit recovered judgment as of the January term, 1917, for $459.35 against DeChamplain. Hadlock in his suit against the same defendant had judgment at the September term, 1911, for $657.97 damages and $16.44 costs, upon which execution issued. April 19, 1913, the present action was commenced to recover upon the replevin bond, Leda Pepin being the plaintiff in interest. The court at the hearing, January term, 1917, found the value of the automobile when replevied to have been $600 and, upon the facts, made the following orders to which defendants

excepted: 1. That in the replevin suit, *Landry* v. *Donnelly*, the defendant have judgment for $600 and $22.50 costs, that execution issue therefor bearing the endorsement satisfied to the amount of $163.15; 2. That in the suit on the replevin bond, *Ramsey* v. *Landry & a.*, the plaintiff have judgment for $459.35 and costs.

Transferred from the January term, 1917, of the superior court by *Branch*, J.

*James A. Broderick*, for the plaintiff.

*Thorp & Abbott* and *Samuel J. Dearborn*, for the defendants.

PARSONS, C. J.   Bringing forward the action, *Landry* v. *Donnelly*, and vacating the erroneous judgment rendered therein was proper procedure for the correction of the error. *Clough* v. *Moore*, 63 N. H. 111, 113; *Moore* v. *Carpenter*, 63 N. H. 65.   To this procedure no exception is taken.   The only exceptions relate to the orders made upon final hearing.   The order of judgment for Donnelly must have been based upon a finding that at the time of the replevin his title was superior to Landry's.   It is not claimed such finding was unsupported by evidence.   Landry having failed to establish his title to the property cannot object to a judgment against him for its value, $600.   *Claggett* v. *Richards*, 45 N. H. 360, 364; *Messer* v. *Bailey*, 31 N. H. 9, 16; *Kendall* v. *Fitts*, 22 N. H. 1, 10; *Bell* v. *Bartlett*, 7 N. H. 178; P. S., c. 241, s. 8.

The judgment first rendered against Landry in the replevin suit having been vacated and the execution canceled, Landry would appear to be entitled to a writ of restitution for the amount paid by him in excess of the amount finally determined to be due from him.   However that may be, Landry having already paid more than the amount of the correct judgment, $600 and costs, the final execution should be endorsed, satisfied in full, instead of in part as ordered. As Landry had complied with the condition of the replevin bond before suit was commenced, the defendants are entitled to judgment in that suit.   The exceptions are sustained.

The issue in these suits is the liability of Landry which is determined and found discharged.   The money, presumably in Donnelly's hands, is to be levied upon in the order of the attachments. If in fact, as may be inferred from the case, through mistake the money paid was turned over to Hadlock, whether Pepin is estopped to insist upon the return to Donnelly of sufficient to satisfy her

execution by levy thereon, or to hold him responsible therefor, if a return is in fact unattainable, are questions in which Hadlock may have an interest but in which Landry has none, and which are not presented by the record.

*Case discharged.*

All concurred.