Strafford,  }
Jan. 4, 1927. }

## DELWIN C. CANNEY v. FANNIE E. EMERSON.

In replevin, judgment for the defendant may be rendered for the value of the chattel as of the date of the writ, under P. L., c. 352, ss. 7, 8, 9.

The admissibility of evidence received without exception will not be considered by the supreme court.

Certain evidence held sufficient to warrant the finding that title to a chattel had been acquired under a transfer thereof in consideration of past services and services to be rendered, which were subsequently performed.

REPLEVIN, for an automobile. Trial by the court and verdict for the defendant.

The evidence tended to prove that the plaintiff, in consideration of services rendered and to be rendered by the defendant, transferred to her an Oakland car. The court found that the defendant had performed the services which constituted the consideration for the transfer, and was the owner of the car at the time it was replevied. It was then worth $700, but on account of its subsequent depreciation the defendant elected an award of damages rather than the return of the car. The court, having found that such election was reasonable in view of the value of the car at the time of the trial, rendered a verdict for the defendant for $700, and allowed the plaintiff to retain the automobile.

The plaintiff excepted to the findings of the court and to the refusal of the court to grant certain requests for findings. A bill of exceptions was allowed by *Young*, J.

*Henry D. Yeaton*, for the plaintiff.

*Mathews & Stevens*, for the defendant.

MARBLE, J. 1. The plaintiff requested the court to find that he was not owing the defendant anything at the time the contract was made or afterward, and now argues that there is no evidence from which it could be found that the defendant performed her part of the agreement.

It was the plaintiff's contention at the trial that the car was transferred to the defendant merely for the purpose of having it registered in her name, and that she agreed to return it at the end of the season. The defendant denied this, and testified that the consideration for

the purchase of the car comprised wages which the plaintiff owed her as housekeeper and her promise to work for the plaintiff for the ensuing six months. She stated in express terms that she had fully performed her part of the bargain. The evidence was clearly sufficient to support the verdict.

2. The plaintiff further claims that the court had no power to render a verdict for the value of the car. P. S., c. 241, ss. 7, 8 (P. L., c. 352, ss. 7, 8, 9). The claim is untenable. It has been repeatedly held that one who wrongfully brings an action of replevin cannot complain because he is required to pay the value of the property instead of being permitted to return it. *Ramsey* v. *Landry*, 78 N. H. 612, 613, and cases cited.

3. The plaintiff also contends that certain evidence relating to the value of the car was inadmissible. This testimony was given by a witness who examined the car at about the time it was replevied and who was qualified to testify on the subject. He stated that the car was worth $700 when he saw it, and that its value at the time of the trial, assuming it to be in good running condition, would be about $350. The impropriety of the testimony is not apparent, but even if it were, no question would be presented for this court to consider, since the evidence was admitted without objection or exception.

*Exceptions overruled.*

All concurred.