Hillsborough District Court
No. 6379

STATE OF NEW HAMPSHIRE v. JAMES J. CASEY

January 31, 1973

*Warren B. Rudman,* attorney general, and *Henry F. Spaloss,* assistant attorney general (*Mr. Spaloss* orally), for the State.

*Franklin J. Sylvia,* by brief and orally, for the defendant.

LAMPRON, J. This is a transfer under RSA 502-A:17-a (Supp. 1972) by the District Court of Hillsborough (*Hatfield,* J.) of defendant's exceptions to the denial of his motions made at the close of the State's case and at the close of all the evidence that the complaint charging him with receiving stolen property (RSA 582:10) be dismissed.

In order to prevail the defendant must show that the evidence viewed in its entirety, giving the State the benefit of all reasonable inferences, was insufficient to prove beyond a reasonable doubt that he was guilty of the crime charged. *Commonwealth v. Myers,* 439 Pa. 381, 266 A.2d 756 (1970). There being no transcript or exhibits before us, this determination must be made from the transferred written findings and rulings made by the court below and the agreed statement of the facts of the parties.

RSA 582:10 provides in part: "If any person shall receive or conceal any property stolen, knowing the same to have been stolen, he shall be punished in the same manner as

if he had stolen the same . . . ." Consequently the essential elements which the State must prove beyond a reasonable doubt are that the property was stolen and that it was received by the defendant knowing it was stolen. *Commonwealth v. Davis,* 444 Pa. 11, 15, 280 A.2d 119, 121 (1971); 2 Burdick, Law of Crime §§ 610, 615, 617, 618 (1946); 2 Wharton, Criminal Law and Procedure § 566 (1957).

According to the agreed statement of facts, complainant Bruyneel on two occasions found that several pieces of dimension lumber (2" x 8" x 12'; 2" x 8" x 8'; and 2" x 4" of unknown length) were missing from his construction site. Bruyneel with a State police officer went to defendant's home and identified lumber built into a barn on the premises and other pieces of lumber observed in the yard as lumber taken from his construction project. The officer confirmed this identification by the complainant. Although evidence was introduced which could lead to a different conclusion, the trial court could find beyond a reasonable doubt on all the evidence that the lumber in question was the property of the complainant; that is, stolen property.

It was also incumbent on the State to prove beyond a reasonable doubt that the defendant had knowledge that the lumber was stolen property when he received it. Such knowledge is a matter of fact which ordinarily cannot be proved by direct evidence. In many instances it must be inferred from the circumstances known to the defendant at that time. *State v. Rowe,* 57 N.J. 293, 271 A.2d 897 (1970); 2 Wharton, Criminal Law and Procedure § 568, at 281 (1957). The most common factors from which guilty knowledge have been inferred are possession of the stolen goods, inadequacy of the price paid for them, and irresponsibility of the person from whom the property was obtained. 2 Burdick, The Law of Crime § 618, at 448 (1946); 76 C.J.S. *Receiving Stolen Goods* § 18, at 39 (1952); 45 Am. Jur. *Receiving Stolen Property* § 7, at 19 (Supp. 1972).

The defendant testified that he obtained most of this lumber "from a 'hippy' who had approached him at a barn in Deering on which the defendant was working. He paid this person one dollar per piece for the lumber and did not know where the seller had obtained it". The possession

 

of the stolen property by the defendant together with his explanation of how he obtained it warranted a finding that beyond a reasonable doubt the defendant had actual knowledge that it was stolen when he received it.

We hold that the evidence warranted a finding that defendant was guilty of the offense charged and that his motions for dismissal were properly denied.

*Exceptions overruled; remanded.*

All concurred.