Strafford
No. 6427

State of New Hampshire v. Ralph J. Palumbo

June 29, 1973

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general, by brief, for the State.

*Fisher, Parsons, Moran and Temple* and *Mr. Robert H. Temple,* by brief, for the defendant.

PER CURIAM. The defendant waived a jury trial and the court found him guilty of passing two counterfeit $10 bills on September 14, 1970, knowing they were counterfeit, with intent to defraud. Transferred by *Loughlin, J.*

The single issue which the defendant raises on this appeal is whether evidence that some 205 counterfeit bills were discovered in his house in the State of Maine on September 21, 1970, should have been admitted. Following the finding of guilty, the trial court explained its order, stating: "Order of March 25, 1971 clarified. In the event that the New Hampshire Supreme Court rules that the evidence pertaining to the finding of counterfeit money in Maine was inadmissible the Court would find the defendant not guilty dispensing with the necessity of a new trial."

The applicable statute, RSA 581:5, reads as follows: "If any person shall pass or offer to pass as true, or shall bring into this state, or have in his possession or custody, any false, counterfeited, or altered bank bill or note, . . . knowing the same to be false, counterfeited, or altered, with intent that any person may be defrauded, he shall be imprisoned not more than five years."

As a preliminary matter, it should be noted that the law is well established in this State that circumstantial evidence may be sufficient to support a finding of guilty beyond a reasonable doubt. *State v. Canney,* 112 N.H. 301, 294 A.2d 382 (1972). As this case further points out, the trier may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided that they can be reasonably drawn therefrom. *See also L'Esperance v. Sherburne,* 85 N.H. 103, 114, 155 A. 203, 209 (1931).

It is also the law that each evidentiary fact relied upon by the State need not be proved beyond a reasonable doubt. *State v. LaFountain,* 108 N.H. 219, 231 A.2d 635 (1967). The decisive issue is whether on all the evidence guilt has been established beyond a reasonable doubt. *State v. Fornier,* 103 N.H. 152, 167 A.2d 56 (1961). In the light of these general principles, it seems proper to discuss the facts in the present case in some detail.

On the morning of September 14, 1970, Mrs. Ida McClen-

don, Dr. David G. Eastman's secretary, received in his office in Somersworth, New Hampshire, two $10 bills from a patient named Chasse in payment of his $15 account. She gave him $5 change and placed the two tens "together", in accordance with her custom, "underneath" the ones and twenties in the doctor's cash box, where there was already $40 in "change". She received no more payments that morning, but later in the day noticed that she was low on change. She took three tens from the box from "down underneath" where she thinks she put Chasse's tens, and started out to get change, when the defendant Palumbo entered and gave her two tens in payment of a $15 charge. She placed these tens "together" in the cash box "under the ones and the fives, just inside underneath". She received only one $10 bill during the rest of the afternoon.

At about 4:30-4:45, she took all the money from the cash box to count and date it preparatory to handing it to the doctor. As she explained, "I always put it in denominations, twenty and ten, and so forth, and as I was counting out the tens, I noticed the two tens I put together didn't look like the other tens, so I called them to Dr. Eastman's attention, and he took them from me . . . . They looked different. They were light in color. The main thing I noticed that they were real light, compared to the others. The whole thing, the way they looked as if somebody had bleached them." She did not notice the serial numbers of these bills and later was unable to identify the two bills introduced in court as state's exhibits No. 2 and No. 3 respectively, as their color was different than the ones she gave to Dr. Eastman. However, it was undisputed that they had been treated chemically, which the trier could reasonably find accounted for the altered color. There is no evidence that she had noticed any other peculiar appearing currency.

Dr. Eastman positively identified the two bills numbered A95202590A and A86392557A respectively, as the ones given to him on the afternoon of September 14 by Mrs. McClendon. He had placed his initials upon them, together with the date when he delivered them to Officer Bolduc at the Somersworth Police Station that same afternoon shortly after receiving them from his secretary. Officer Bolduc also marked the

bills and kept them in his possession until they were presented in court. At the trial, an expert testified that both were counterfeit, citing numerous reasons. This testimony was uncontradicted.

Officer Bolduc, pursuing his investigation on September 21, 1970, in conducting a search the legality of which is not disputed, discovered some 205 ten-dollar bills in the defendant's home in Berwick, Maine, a town adjacent to Somersworth and located just across the Maine border. Two hundred bills were hidden in a heating duct in the defendant's home — "soaking wet". Five more were concealed in a pillow case on the defendant's bed. All were numbered A95202590A, the same as state's exhibit No. 2 and all were counterfeit. It was established that no two genuine bills bear the same serial number. At the time the present case was tried on March 11, 1971, an indictment or indictments for possession of these counterfeit bills were pending against the defendant in the State of Maine. The trial court's implied finding that the production of these counterfeits was therefore excused is clearly supportable. *State v. Wren*, 77 N.H. 361, 92 A. 170 (1914); *State v. Hale*, 85 N.H. 403, 408, 160 A. 95, 98 (1932). *See also* 20 C.J.S. *Counterfeiting* § 32 a (2) (1940).

The law is clear that evidence of similar offenses may be admissible to show "motive, intent, preparation, plan, design or identity". *State v. Desilets*, 96 N.H. 245, 247, 73 A.2d 800, 802 (1950); *State v. Cote*, 108 N.H. 290, 235 A.2d 111 (1967). The trial court received evidence that the bills were found in Berwick for the limited purposes of showing "motive or design" which would include guilty knowledge. The majority, and better rule, is that evidence of the conduct of an accused at or near the time of an alleged offense if relevant is also admissible even though another crime is involved. *State v. Charette*, 98 N.H. 477, 103 A.2d 192 (1954); *United States v. Cervantes*, 466 F.2d 736 (7th Cir. 1972); 2 Wigmore, Evidence § 316 (3d ed. 1940). The concealment of counterfeit bills in the defendant's home was admissible to show guilty knowledge that they were counterfeit. *Ruiz v. United States*, 374 F.2d 619 (5th Cir. 1967); 2 Wigmore, Evidence §§ 309, 311 (3d ed. 1940). *See also* 20 C.J.S. *Counterfeiting* § 32 a (3), at 741 (1940). Most persuasive is the fact that all these

counterfeits bore the same serial number as one which the defendant is charged with passing on the afternoon of September 14, 1970.

The verdict of guilty is sustained.

*Exceptions overruled; remanded.*