Hillsborough
No. 6653

STATE OF NEW HAMPSHIRE V. ROGER COTE

November 30, 1973

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general (*Mr. Hess* orally), for the State.

*Clifford J. Ross,* by brief and orally, for the defendant.

GRIFFITH, J. Defendant and a codefendant named Jerome Harold Belanger were indicted for certain offenses in connection with the theft of some copper banding material from radio station WGIR in Manchester and the theft of an adding

machine from Soule Associates in the same city. Defendant Cote was charged with theft of the copper banding and with receiving stolen property in the theft of the adding machine. Belanger was charged with receiving stolen property in the copper banding case and theft of the adding machine. Both defendants waived a jury trial and both were found guilty of the charges against them after trial before *Cann,* J.

Cote moved to dismiss the charge against him arising out of the transaction with the adding machine and after a verdict of guilty in that case moved to set the verdict aside. Defendant's exceptions to the denial of these motions were reserved and transferred by the trial court.

Uncontradicted evidence established the following facts. On the morning of July 26, 1972, ten or eleven reels of copper banding weighing 50 to 75 pounds each were missing from station WGIR. That same morning Cote and Belanger, in a pickup truck driven by Cote, drove to the Union Waste Company. There the two defendants unloaded the reels and Cote sold them to Mr. Francis of that company, receiving in payment $200 in cash. He gave a receipt for the money signed "Peter Gunn".

Later on the same morning Cote drove Belanger to 466 Lincoln Street where Belanger picked up an adding machine which, together with some other business machines, was stolen from Soule Associates on July 24, 1972. They then drove to Car-Land Auto Body, Inc. where Cote introduced Belanger to Mr. Levine, the president of that company. Belanger had brought in the adding machine and sold it to Levine for $40.00. He took a check from Levine in this amount, instructing Levine to make it out to "William Laster". Cote was known to Levine but Belanger was not and he gave no name to Levine other than the name he instructed him to make out the check to. Belanger was the only witness for the defense. He denied knowing that the copper was stolen and told a rather involved story of acquiring the adding machine from a "Bill Laster". Nothing was offered in corroboration of his explanation of how the adding machine came into his possession and the finding of guilty in his case indicates that the trial court did not believe him.

In this appeal defendant Cote does not question that the

evidence established that the adding machine was stolen, and he has waived his exception based upon the value of the machine. He rests his appeal upon a claim that the evidence would not permit a finding beyond a reasonable doubt that he ever had possession or control of the adding machine or that he knew that it was stolen. RSA 582:10 defines the crime of receiving stolen property as receiving or concealing "any property stolen, knowing the same to have been stolen . . . . " *Id.* It follows that the proof of possession or concealment and proof of knowledge that the property is stolen are essential elements of the crime which must be established by sufficient evidence or the verdict cannot stand. However, in order for the defendant to prevail it must appear "that the evidence viewed in its entirety, giving the State the benefit of all reasonable inferences, was insufficient to prove beyond a reasonable doubt that he was guilty of the crime charged." *State v. Casey,* 113 N.H. 19, 19, 300 A.2d 325, 326 (1973).

Defendant first contends that since it appears from the evidence that Belanger carried the adding machine at all times and sold it without assistance from him, he cannot be found to have had actual or constructive control over the adding machine. *See* F. Wharton, Criminal Law and Procedure § 569 (13th ed. 1957); *Jordan v. State,* 219 Md. 36, 44, 148 A.2d 292, 297 (1959); *State v. Motyka,* 298 A.2d 793, 794 (R.I. 1973). This argument assumes that defendant's possession of the stolen property must be exclusive but a defendant may be guilty of possession who participates with another in the possession of stolen property. *Commonwealth v. Shaffer,* 447 Pa. 91, 105, 288 A.2d 727, 735 (1972). The defendant in this case after being assisted by Belanger in the delivery of the stolen copper transported Belanger to pick up the stolen adding machine and then took Belanger to a buyer he introduced him to. Under these circumstances he participated in the transaction with the adding machine in the same manner as Belanger did in the stolen copper transaction. *See United States v. Baxa,* 340 F.2d 259, 261 (7th Cir. 1965); *United States v. Spatuzza,* 331 F.2d 214, 216 (7th Cir. 1964); *Sterling v. United States,* 333 F.2d 443, 445-46 (9th Cir. 1964).

The essential element of guilty knowledge on the part of a receiver of stolen property can rarely be proven by direct evidence but it may be proved "by any surrounding facts or circumstances from which such knowledge may be inferred." 66 Am. Jur. 2d *Receiving Stolen Property* §25, at 313; *State v. Casey*, 113 N.H. 19, 19, 300 A.2d 325, 326 (1973). There was evidence that Belanger and Cote had known each other for some time and the court could properly infer from the testimony that the possibility of Belanger's having honestly acquired an adding machine was so remote that the defendant would have known it to be stolen. The trial court could also have inferred that Belanger's explanation given on the stand of how it came into his possession would have been no more credible to the defendant than it was to the court. Finally an additional telling circumstance was the theft and sale of the copper so intimately linked in time, method, and participants with the adding machine theft and sale. *See* Annot., 105 A.L.R. 1288 (1936). The totality of circumstances was such that the trial court could properly find beyond a reasonable doubt that Cote having stolen the copper and, with the assistance of Belanger sold it for his gain, then knowingly assisted Belanger in selling for Belanger's gain the stolen adding machine. *State v. Casey supra; State v. Canney*, 112 N.H. 301, 294 A.2d 382 (1972); *State v. Grodkiewicz*, 16 Ill. 2d 192, 157 N.E.2d 16 (1959); Annot., 147 A.L.R. 1058 (1943).

*Exceptions overruled.*

All concurred.