Rockingham
No. 6665

STATE OF NEW HAMPSHIRE

v.

ROGER M. DEARBORN

July 19, 1974

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* attorney (*Mr. Rath* orally), for the State.

*Anthony McManus,* by brief and orally, for the defendant.

KENISON, C.J. The main issue in this case is whether exigent circumstances accompanied the seizure of a quantity of marijuana from an automobile so as to eliminate the requirement of a warrant. The defendant was indicted for allegedly possessing marijuana in an amount over one pound in violation of RSA 318-B:26 I (c) (Supp. 1973). In advance of trial he moved to suppress the evidence on the grounds that the warrantless search was illegal. A hearing on the motion was held during the course of trial, and *Mullavey,* J., sitting without a jury, denied the motion and found the defendant guilty. The defendant's exception to the motion together with other questions of law raised at trial were reserved and transferred to this court.

On February 14, 1972 at 7:15 a.m., State Trooper Gagnon received a message from an informant that the defendant and a companion, Jeffrey Miller, would leave from Newmarket, New Hampshire, at 8:00 that morning for Boston, Massachusetts, and would return with a quantity of marijuana in the late morning or early afternoon on Interstate 95 in a 1966 Dodge, New Hampshire registration number IN393. Between 8:30 and 9:00 a.m. Gagnon left Dover, New Hampshire, and proceeded to Hampton, New Hampshire, where he set up a surveillance point on the northbound lane of Interstate 95 at 9:45 a.m. At 10:30 a.m. he was joined by State Trooper Simpson who situated himself south of Gagnon's position in Hampton Falls, New Hampshire. At 11:20 a.m. Simpson observed a 1966 Dodge with New Hampshire registration number IN393 proceeding north on Interstate 95 and stopped the car shortly after it passed Gagnon's position. The defendant and his companion were ordered to get out of the car, and Gagnon then searched the interior of the vehicle and found a brown paper bag containing an amount of marijuana in excess of one pound. The defendant and his companion were arrested after this discovery and subsequently indicted for illegally possessing marijuana.

There is no question that State Trooper Gagnon had sufficient evidence from his informant to establish probable cause. Gagnon testified at trial that the source of the tip was a conversation that the informant personally overheard in a bar in Newmarket and that this informant was reliable because he had supplied the trooper with information leading to the arrest and conviction of three persons during the year preceding the search in issue. The tip contained specific details describing the identity of the individuals, times of their departure and return, the make, year and registration of their car and the route on which they would be travelling. RSA 595-A:2 (Supp. 1972); *Aguilar v. Texas,* 378 U.S. 108, 114 (1964); *accord, United States v. Harris,* 403 U.S. 573, 577-80 (1971); *State v. Nickerson,* 114 N.H. 47, 49-50, 314 A.2d 648, 650 (1974); *State v. Moreau,* 113 N.H. 303, 307-08, 306 A.2d 764, 766 (1973).

The defendant instead raises the narrow issue whether under the circumstances of this case the two- and one-half

hour period from the trooper's receipt of the tip until he set up surveillance was sufficiently brief to bring the search within the exigent circumstances exception to the constitutional requirement of a warrant. As a preliminary matter, it should be noted that the burden of proof rests upon the prosecution to show the facts surrounding the search which led the police to conclude that it was necessary to proceed without a warrant. *Coolidge v. New Hampshire,* 403 U.S. 443, 454-55 (1971); *see Chambers v. Maroney,* 399 U.S. 42, 47-51 (1970); *Model Rules for Law Enforcement: Warrantless Searches of Persons and Places,* 9 Crim. L. Bull. 645, 669-72 (1973); Mascolo, *The Emergency Doctrine Exception to the Warrant Requirement Under the Fourth Amendment,* 22 Buff. L. Rev. 419, 425-29 (1973). The Supreme Court has indicated that this proof must be carried at least by "a preponderance of the evidence." *Lego v. Twomey,* 404 U.S. 477, 489 (1972); *see United States v. Marshall,* 488 F.2d 1169, 1186 (9th Cir. 1973). Although the Court has recognized that the States are free to adopt higher standards, we believe that since it is the conduct of the police, and not the guilt of the accused which is at stake, the "preponderance of the evidence" test is sufficient to serve as a deterrent to lawless police conduct. *State v. Heald,* 314 A.2d 820, 828-29 (Me. 1973).

A study of the record in this case reveals that the State introduced ample evidence to demonstrate that exigent circumstances existed. The tip was received by Gagnon at 7:15 a.m., and he diligently left Dover between 8:30 and 9:00 a.m. to set up surveillance at Hampton. While it is arguable that Gagon could have secured a warrant prior to his arrival on station, the facts suggest that he believed that he might miss the vehicle if he were delayed by the application process. The Supreme Court has recently stated that there is "no case or principle that suggests that the right to search on probable cause and the reasonableness of seizing a car under exigent circumstances are foreclosed if a warrant was not obtained at the first practicable moment." *Cardwell v. Lewis,* 94 S. Ct. 2464, 2472 (1974); *cf.* Heller, *A Conflict of Laws: The Drug Possession Offense and the Fourth Amendment,* 26 Okla. L. Rev. 312, 331-33 (1973); Note, *Warrantless Searches and Seizures of Automobiles,* 87 Harv. L. Rev. 835 (1974). We cannot

say that the conduct was unreasonable, and we hold that the defendant's constitutional rights have not been violated. *State v. Lee,* 113 N.H. 313, 318, 307 A.2d 827, 830 (1973); *see United States v. Edwards,* 415 U.S. 800, 804-05 (1974).

The defendant next claims that the trial court erred in denying his motion to strike certain hearsay evidence introduced by Trooper Gagnon concerning his conversations with the informant. Although not admissible in a trial on the merits, hearsay evidence of conversations with an informer can be presented in a hearing on a motion to suppress to determine whether probable cause existed for the search. *See United States v. Matlock,* 415 U.S. 164, 172-73 (1974). While the hearing on the motion was combined with the trial on the merits, we can find no prejudice in this case because the defendant failed to object to the evidence until after the prosecutor and the trooper had engaged in a lengthy interchange of questions and answers, and the court thereafter excluded testimony relating to the conversations with the informer when requested. *State v. Nelson,* 105 N.H. 184, 189-90, 196 A.2d 52, 57 (1963); *Canney v. Emerson,* 82 N.H. 487, 488, 136 A. 139 (1927).

The defendant also contends that the trial court's refusal to permit his counsel to argue certain legal points in full measure was a denial of due process. The record shows that the defendant's counsel was able to present the gist of his argument before the court determined that it disagreed with his interpretation of the law. The court may, within its discretion, control the length and extent of oral argument during trial concerning the admission and exclusion of evidence, and we find no abuse here. *See Cole v. State,* 262 So. 2d 902, 905 (Fla. Dist. Ct. App. 1972); *Hashfield v. State,* 247 Ind. 95, 110, 210 N.E.2d 429, 438 (1965).

The defendant finally argues that the State has failed to prove the requisite elements of the crime of illegal possession of marijuana (RSA 318-B:26 I (c) (Supp. 1973)). The statute requires that the State prove beyond a reasonable doubt (1) that the defendant had knowledge of the nature of the drug, (2) that he had knowledge of its presence in his vicinity and (3) that he had custody of the drug and exercised dominion and control over it. *State v. Colcord,* 109 N.H. 231, 233, 248

A.2d 80, 82 (1968). There was evidence that the defendant and Jeffrey Miller purposefully made a trip from Newmarket to Boston to obtain drugs and were apprehended on the return trip with a quantity of marijuana in excess of one pound in the vehicle. These facts and all reasonable inferences are sufficient to establish the requisite knowledge and control. *State v. Comeau,* 114 N.H. 431, 321 A.2d 590 (1974); *State v. Nickerson,* 114 N.H. 47, 52, 314 A.2d 648, 651 (1974); *State v. Cote,* 113 N.H. 647, 649-50, 312 A.2d 687, 689 (1973).

*Defendant's exceptions overruled.*

All concurred.