Belknap
No. 7510

## STATE OF NEW HAMPSHIRE v. CHESTER B. KEYSER

January 31, 1977

*David H. Souter,* attorney general, *Edward N. Damon,* assistant attorney general (*Mr. Damon* orally) for the state.

*Falardeau & Mahan,* of Tilton (*Mr. Richard W. Mahan* orally) for the defendant.

KENISON, C.J.   The Belknap County Grand Jury indicted the defendant Chester Keyser for attempted theft by deception. RSA 637:4. Prior to trial the defendant moved to suppress evidence of the property he allegedly attempted to steal. He argued that the search and seizure violated various requirements of the fourth and fourteenth amendments to the United States Constitution and arti-

cle 19 of the New Hampshire Constitution. After an evidentiary hearing, the Trial Court (*Bois,* J.) denied the motion, stating that the defendant voluntarily consented to the search. The defendant was subsequently convicted and moved to set aside the verdict on four grounds. Here on appeal he raises only two: The motion to suppress should have been granted, and the verdict was against the weight of the evidence. The trial court denied the motion to set aside the verdict stating that "[i]n addition to the reasons for denying the motion to suppress contained in the record the court relies on the fact that the fourth amendment is a restriction against government action only."

The crime occurred in a department store in the Belknap Mall in Belmont. A friend of the store's security guard informed the guard that a person in the automotive department was acting in a suspicious manner. The guard watched the customer roam the aisles. Eventually he notified the store manager who told a cashier at a checkout counter to check inside a certain box that the customer was carrying. The customer paid the cashier the price of the item that was supposed to be in the box, a $6.99 cooler. Rather than laying the box on the counter he held it under his arm and pointed to the price. As the defendant was about to leave, the cashier stopped him and said "[j]ust a minute. I want to check that." The defendant gave her the box, and she opened it. The box contained two tape decks worth $147.98. The defendant claimed he had no knowledge of how the tape decks got into the box. The box was sealed with clear scotch tape but the store consistently used brown tape to reseal open boxes. The guard asked the defendant to follow him, which he did without objection. After all this occurred, the guard contacted the Belmont police who arrived shortly thereafter and arrested the defendant.

■ The fourth amendment protections do not extend to actions taken by private parties. *Burdeau v. McDowell,* 256 U.S. 465 (1921); *State v. Salsman,* 112 N.H. 138, 290 A.2d 618 (1972). "Evidence obtained as the result of a wrongful search and seizure by a private person is admissible in a criminal prosecution against the victim of the search, if no law enforcement officer instigated or participated in the search." 4 Wharton, Criminal Evidence § 732 (13th ed. C. Torcia 1973). Although this rule has been questioned, Annot., *Admissibility, in Criminal Case, of Evidence Obtained by Search by Private Individual,* 36 A.L.R.3d 553, 565–67 (1971);

Note, *Private Searches and Seizures,* 90 Harv. L. Rev. 463 (1976), it has not been abandoned. *But see United States v. Kelly,* 529 F.2d 1365 (8th Cir. 1976); *State v. Coburn,* 530 P.2d 442 (Mont. 1974). The defendant does not argue that any member or members of the Belmont police force instigated or participated in the search. The question in this case is whether the fourth amendment protections extend to the actions of the security guard because of his authority, official appearance, and police-type function. Note, *Private Assumption of the Police Function under the Fourth Amendment,* 51 B.U.L. Rev. 464 (1971).

One rationale for limiting the exclusionary rule to evidence obtained by governmental actions is that the rule will not deter private individuals from engaging in improper conduct because most private persons are unaware of the rule and, being motivated by reasons apart from, or in addition to, a desire to assist in securing a criminal conviction, they are under no disciplinary compulsion to obey fourth amendment requirements. *People v. Botts,* 250 Cal. App. 2d 478, 58 Cal. Rptr. 412 (1967). Arguably, this rationale is less compelling when it is applied to the actions of private investigators and security officers whose primary goal is often to obtain evidence of crimes, who often possess professional knowledge and skill and who conduct searches and seizures on a regular and institutionalized basis. Note, *Seizures by Private Parties: Exclusion in Criminal Cases,* 19 Stan. L. Rev. 608, 614–16 (1967).

Nevertheless, courts have usually held that the efforts of private investigators and private security officers acting independently of governmental officials to obtain evidence of criminal conduct are not subject to fourth amendment standards and that such evidence will not be excluded from criminal prosecutions on constitutional grounds. *E.g.,* cases *cited in* Annot., 36 A.L.R.3d at 567–71; W. Ringel, Searches & Seizures, Arrests and Confessions § 14 (Cum. Supp. 1976). Because the security officer was employed by the store, not the state, and the state did not instigate or participate in the search and seizure, there was no constitutional reason to exclude the evidence at the defendant's trial. *People v. Randazzo,* 220 Cal. App. 2d 768, 34 Cal. Rptr. 65 (1963); 12 U.C.L.A.L. Rev. 232 (1964).

Even if the security officer were required to follow fourth amendment requirements, his failure to do so in this case would not require that the evidence be excluded. The trial judge

48

found that the defendant voluntarily consented to the search and seizure. In cases in which such consent is given, the constitutional violation is waived and the illegally seized evidence is admissible. *State v. Laro,* 106 N.H. 500, 213 A.2d 909 (1965); 28 U. Fla. L. Rev. 273 (1975). Furthermore, the property seized was stolen. *United States v. Emery,* 541 F.2d 887 (1st Cir. 1976). "Accordingly, police should be able to accept contraband or fruits of crime from a private third party without thereby infringing any fourth amendment rights." Note, 90 Harv. L. Rev. at 471.

The defendant contends that the conviction should be set aside because the evidence is insufficient to support the verdict. We have reviewed the trial transcript and conclude that, although the evidence is circumstantial, it is sufficient to sustain the verdict. *State v. Palumbo,* 113 N.H. 329, 306 A.2d 793 (1973).

*Defendant's exceptions overruled.*

BOIS, J., did not sit; the others concurred.