Hillsborough
No. 84-124

THE STATE OF NEW HAMPSHIRE

v.

ROBERT STAUFF

March 1, 1985

*Peter W. Mosseau*, acting attorney general (*T. David Plourde*, assistant attorney general, on the brief and orally), for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

DOUGLAS, J. On appeal from his conviction in Superior Court (*Dalianis*, J.) for receiving stolen property, RSA 637:7, the defendant, Robert Stauff, raises two issues: (1) whether the trial court properly denied his motion to dismiss for insufficient evidence upon which to find that the defendant possessed stolen property and that he believed it to be stolen; and (2) whether certain evidence admitted over the defendant's objection was relevant to the charge against

him. We hold that the trial court did not err in denying the defendant's motions and accordingly affirm his conviction.

The record reveals the following facts. At approximately 3:00 a.m. on May 15, 1982, Officer James Briggs of the Nashua Police Department responded to a burglar alarm at the Manor IV, a restaurant and lounge on the Daniel Webster Highway in Nashua. When he arrived at the scene, Officer Briggs observed a Ford LTD pulling out of the parking lot of the Manor IV, which was closed at that time. There were three males inside the car. Although the officer honked his horn for them to stop, the car pulled out of the parking lot and sped north up the Daniel Webster Highway. A high-speed chase ensued, in which other Nashua police cruisers attempted to stop the vehicle. The vehicle was eventually cornered in the Sprague Electric Company parking lot in Nashua.

When the LTD stopped, all three occupants jumped out. The driver, who was wearing gloves when he exited the car, was identified as one Vincent Portalla. The defendant was identified as being the front passenger, and Robert Paleo occupied the rear seat behind the driver. The three occupants were arrested.

A registration check of the car revealed that it was owned by Karen Quinn and that it had been stolen in Revere, Massachusetts, sometime between 8:30 p.m. and 2:30 a.m. that night. The rear window had been broken and the ignition had been popped. While searching the car, Detective James Brackett found a can of mace, a stocking hat, a glove, and a screwdriver in the front of the car, and in the back a briefcase containing five rounds of .45 caliber ammunition that fit into a clip. Quinn denied both knowledge of and possession of these items in her car.

Having found ammunition but no guns, the officers retraced the chase route. They found a .44 magnum carbine rifle, the stock of which was broken into nine pieces and scattered over a forty foot area. They also found a loaded Ithaca .45 caliber automatic pistol and a Smith & Wesson .44 caliber pistol loaded with six rounds of hollow point ammunition. All three weapons were found on the right-hand side of the road within a short distance of the Manor IV. There was no evidence that any of the weapons had been along the highway for any length of time. The serial numbers on the guns were later found to match those of weapons previously reported stolen.

Analysis of the three weapons revealed no fingerprints on the two pistols. Two prints were lifted from the rifle, however, and were identified to be those of the back seat passenger, Robert Paleo. The defendant was convicted by a jury on three counts of receiving stolen property in connection with the firearms.

 In order for the State to convict on the charge of receiving stolen property, it must prove beyond a reasonable doubt that the property was stolen, that the defendant possessed the property, that he believed the property was stolen, and that he intended to deprive the owners of the property. RSA 637:7, I, III. The defendant contends that there was insufficient evidence to prove the essential elements of possession and guilty knowledge. We note that the possession need not be exclusive but that constructive possession, whereby a defendant participates with another in possession of stolen goods, is sufficient for conviction of receiving stolen property. *State v. Cote*, 113 N.H. 647, 649, 312 A.2d 687, 689 (1973).

 The standard of review where the defendant challenges the sufficiency of the evidence supporting his conviction is whether or not any rational trier of fact, while viewing the evidence in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt. *State v. Hopps*, 123 N.H. 541, 544, 465 A.2d 1206, 1208 (1983). "[C]ircumstantial evidence may be sufficient to support a finding of guilty beyond a reasonable doubt." *State v. Palumbo*, 113 N.H. 329, 330, 306 A.2d 793, 795 (1973). Further, "the trier may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided that they can be reasonably drawn therefrom." *Id.* The State need not prove each evidentiary fact beyond a reasonable doubt, but, rather, "[t]he decisive issue is whether on *all* the evidence, guilt has been established beyond a reasonable doubt." *Id.* (Emphasis added.)

 In the present case there was sufficient evidence presented for a trier of fact to find beyond a reasonable doubt that the defendant possessed the stolen firearms. While we agree with the defendant that mere presence in the vicinity of the stolen property "unilluminated by other facts [is] insufficient proof of possession," *United States v. Romano*, 382 U.S. 136, 141–42 (1965), the State's evidence did more than simply prove the defendant's mere presence in a car with stolen weapons.

At approximately 3:00 a.m., the burglar alarm at the Manor IV went off. The responding officer arrived in time to see a Ford LTD with three male occupants pulling out of the Manor IV parking lot. A high-speed chase ensued. When the vehicle was finally stopped, the defendant was found to have been in the front passenger seat. Burglary tools and equipment and five rounds of .45 caliber ammunition were found in the car. Upon checking the chase route, the officers discovered three firearms.

The evidence strongly indicated that these weapons had been thrown from the car in which the defendant was a passenger.

Besides being found along the chase route, other such evidence was that one of the weapons was a .45 caliber pistol matching the ammunition found in the car. The stock of the rifle was broken into nine pieces and there were scratch marks on the .44 caliber pistol. Two fingerprints matching those of the back seat passenger were lifted from the rifle. Also, there was no evidence to suggest that the guns had been lying there for any period of time.

There was also evidence to support the conclusion that the defendant himself threw the weapons from the car. All of the weapons were found on the right-hand side of the road. At the time the chase vehicle was stopped, the defendant was the only passenger on the right-hand side of the car. There was a glove found on the front seat which the defendant could have worn to throw out the weapons and which would explain the absence of fingerprints on the pistols. From all the evidence presented, the jury could reasonably infer that the defendant possessed the stolen firearms.

As to proving the defendant's knowledge that the guns were stolen, this court has stated that "[t]he essential element of guilty knowledge on the part of a receiver of stolen property can rarely be proven by direct evidence but it may be demonstrated 'by any surrounding facts or circumstances from which such knowledge may be inferred.'" *State v. Cote*, 113 N.H. 647, 650, 312 A.2d 687, 689 (1973) (quoting 66 Am. Jur. 2d, *Receiving Stolen Property* § 25, at 313). From the evidence presented regarding the surrounding facts and circumstances of this case, the defendant's guilty knowledge can reasonably be inferred.

The defendant was a passenger in a stolen car, the back window of which had been broken in order to gain admission and the ignition popped. Three firearms, including a rifle, were within the passenger compartment of the car, so that it could reasonably be inferred that the defendant knew of their presence. Moreover, the very fact that the guns were thrown from the car gives rise to the inference that the defendant knew or believed them to be stolen.

From all the testimony, we find that there was sufficient evidence upon which a rational trier of fact could have found that the defendant possessed the stolen firearms and believed them to be stolen.

The defendant next contends that his motion *in limine* to exclude the items discovered in the car, and the testimony regarding the amount of money on hand at the Manor IV the night of the defendant's arrest, should have been granted because that evidence is irrelevant to the charge of receiving stolen property. We disagree.

Circumstantial evidence which sheds light on the surrounding facts and circumstances is admissible in a case involving the receipt of stolen property. *State v. Cote*, 113 N.H. 647, 650, 312 A.2d 687, 689 (1973). Here, the presence of burglary equipment, and other evidence indicating that the three occupants of the stolen car were attempting to undertake a joint burglary, are relevant in demonstrating possession and knowledge of the three stolen guns, since one could reasonably infer that they were intended to be used by the three men in the planned burglary.

*Affirmed.*

All concurred.