Hillsborough
No. 86-234

*In re* THREE VIDEO POKER MACHINES

June 5, 1987

*Stephen E. Merrill*, attorney general (*Kathleen A. McGuire*, attorney, on the brief and orally), for the State.

*Holland & Aivalikles*, of Nashua (*Francis G. Holland* on the brief and orally), for Peter Poulos, the forfeiter.

THAYER, J. The issue presented in this case is whether the dismissal by the district court of a criminal charge at the conclusion of the State's case required the superior court to dismiss a companion civil forfeiture petition. For the reasons that follow, we reverse the Superior Court's (*Pappagianis*, J.) dismissal of the State's civil forfeiture petition and remand to the superior court for proceedings consistent with our conclusions herein.

On April 29, 1985, Peter Poulos, the defendant, was arrested and charged with two counts of gambling in violation of RSA 647:2, I, II, in that he permitted gambling at his business establishment by paying money for points accumulated on three video poker machines. On May 10, 1985, the State filed a libel for decree of forfeiture under RSA 647:2, V of three video poker machines, naming Peter Poulos, d/b/a Jameson's Lounge, as the forfeiter. The defendant was tried on the criminal charges in Manchester District Court (*Champagne*, J.) on September 13, 1985. At the conclusion of the State's case, the defendant filed a motion to dismiss the gambling charges, stating, *inter alia*:

"1. That the State has failed to provide evidence from which the Court can find the Defendant guilty beyond a reasonable doubt.

. . . .

3. The State has introduced no evidence that [the State's investigator] had any specific agreement or understanding that he would receive something of value in the event of a certain outcome before he began to play the machines in question.

. . . .

7. There was no evidence that Peter Poulos ever entered into any kind of agreement or understanding that [the State's investigator] would receive something of value in the event of any particular outcome.

. . . .

WHEREFORE, the Defendant respectfully requests that the complaint be dismissed."

The court indicated its approval of the defendant's motion to dismiss by writing, "Granted 9/13," on the first page of the motion. The court did not make further findings with regard to the motion.

The forfeiter filed a motion dated February 19, 1986, in the superior court for dismissal/summary judgment of the forfeiture petition, requesting that the court: (1) grant a summary judgment; (2) dismiss the petition for forfeiture; and (3) require the State to return the three video poker machines. In an accompanying affidavit, the

forfeiter argued that the State should be estopped from introducing "any" testimony from the State's investigator at the civil proceeding because the dismissal of the criminal charges at the close of the State's case "constitutes collateral estoppel and res judicata of all facts and issues set forth in the Petition for Libel for Forfeiture." The superior court granted the forfeiter's motion, stating in pertinent part that:

> "The Manchester District Court's grant of the motion to dismiss showed that the district court considered the State's evidence to be insufficient as a matter of law to warrant his submitting the case to himself as a trier of fact. His grant of the motion showed that he ruled that no reasonable person could find for the State as a matter of law, regardless of the burden of proof. . . .
>
> . . . .
>
> Burden of proof is not a factor when a case is dismissed as a matter of law for insufficiency of evidence at the conclusion of the State's case."

The State filed a motion on April 21, 1986, for reconsideration of the court's order granting the forfeiter's motion to dismiss, or for allowance of an interlocutory appeal. On May 12, 1986, the motion for reconsideration was denied, and the motion to allow an interlocutory appeal was granted. Instead, however, the State filed a notice of appeal to this court.

On appeal, the State argues that the dismissal of the criminal charges at the close of the State's case was based on the State's failure to sufficiently prove the defendant's guilt beyond a reasonable doubt, and that, therefore, dismissal of the companion civil forfeiture petition is not proper because the burden of proof in a civil case is less than that in a criminal case; *i.e.*, proof by a mere preponderance of the evidence as opposed to proof beyond a reasonable doubt. The State further contends that the superior court erred as a matter of law in stating that "[b]urden of proof is not a factor when a case is dismissed as a matter of law for insufficiency of evidence at the conclusion of the State's case."

The forfeiter argues that the district court's dismissal at the close of the State's criminal case was based on paragraphs 3 and 7 of his motion to dismiss, which alleged that the State had presented "no evidence" of a necessary element of the offense. Furthermore, he argues that the superior court was correct in concluding that the district court's dismissal for insufficient evidence as a matter of law indicated that the district court found "no evidence" of a necessary element of the offense and, therefore, "that no reasonable person

could find for the State as a matter of law, regardless of the burden of proof." The forfeiter thus maintains that the superior court was warranted in dismissing the civil forfeiture proceeding based on the application of collateral estoppel.

We first address the forfeiter's assertion that the district court's granting of his motion to dismiss at the close of the State's case indicated that the State had presented "no evidence" of a necessary element of the offense and, further, that the superior court was correct in determining that the district court's action indicated a finding of "no evidence" presented as to a necessary element of the offense such that "no reasonable person could find for the State as a matter of law, regardless of the burden of proof." As previously noted, the defendant's motion to dismiss alleged alternative grounds for relief. The court made no specific findings when it approved the motion. The motion was merely marked "granted." Thus, we can not be sure which ground or grounds for dismissal were the basis of the district court's granting of the defendant's motion. The court may have agreed with paragraph 1, which alleges the State's failure to prove the defendant's guilt beyond a reasonable doubt, or paragraphs 3 or 7, which allege there was "no evidence" of an agreement or understanding between the State's investigator and the defendant.

It is the forfeiter's burden to show, from the record, that the district court granted the motion to dismiss on the specific ground which he alleges, SUP. CT. Rs. 13, 15, and we will not speculate as to the grounds for the granting of the motion. *See State v. Hastings*, 121 N.H. 465, 468, 430 A.2d 1131, 1133 (1981) (in a second prosecution for receiving stolen property the doctrine of collateral estoppel could not be applied because the defendant failed to supply the court with a record of the proceedings below, and this court could not say that the lower court based its verdict only on a finding that the defendant received no stolen property, rather than on a finding of lack of proof of any other necessary element). We are not satisfied that the forfeiter in this instance has met his burden of proof, since he has failed to show that the district court granted the dismissal because it agreed with either or both of paragraphs 3 and 7 of the motion, as opposed to agreeing exclusively with paragraph 1. What the result would have been had the district court agreed with paragraphs 3 or 7 is therefore not before us.

Furthermore, the superior court improperly concluded that the district court's granting of the defendant's motion to dismiss at the close of the State's case, in this case and in all others, "showed that the district court considered the State's evidence to be insufficient as a matter of law [such] that no reasonable person could find for the State as a matter of law, regardless of the burden of proof." The

superior court thus interpreted the district court's dismissal as constituting a finding by the district court that the State had presented "no evidence" of a necessary element of the offense. This is incorrect.

■■ When assessing the defendant's motion to dismiss, the trial court must determine whether "the defendant [has shown] that the evidence viewed in its entirety, giving the State the benefit of all reasonable inferences, was *insufficient to prove beyond a reasonable doubt* that he was guilty of the crime charged." *State v. Casey*, 113 N.H. 19, 19, 300 A.2d 325, 326 (1973) (emphasis added); *see generally, Dancart Corp. v. St. Albans Rubber Co.*, 124 N.H. 598, 602, 474 A.2d 1020, 1021–22 (1984). This test requires that the court determine whether the State has presented sufficient evidence to support a verdict in its favor, sufficient evidence being "[a]dequate evidence; such evidence, in character, weight, or amount, as will legally justify the judicial . . . action demanded." BLACK'S LAW DICTIONARY 1285 (5th ed. 1979). Thus, the granting of a motion to dismiss a criminal complaint for insufficient evidence does not necessarily constitute a finding of "no evidence," but simply that the evidence presented was not adequate to meet the beyond a reasonable doubt standard. *See generally*, J. WIGMORE, EVIDENCE § 2494 (J. Chadbourn ed. 1981); F. JAMES, JR. & G. HAZARD, JR., CIVIL PROCEDURE § 7.11 (2d ed. 1977).

■ We now turn our attention to the forfeiter's allegation that collateral estoppel bars a civil, remedial forfeiture proceeding, following a dismissal of criminal charges at the close of the State's case. It has been established that collateral estoppel does not bar a civil forfeiture proceeding following an acquittal on related criminal charges. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 362 (1984). The primary reason for not estopping the civil proceeding is that the burden of proof in the criminal proceeding is far higher than the burden in the civil proceeding—beyond a reasonable doubt as compared to a preponderance of the evidence. *Id.* at 357–62; *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 235 (1972). *Compare State v. Wentworth*, 118 N.H. 832, 838–39, 395 A.2d 858, 862–63 (1978) (defendants in criminal cases are presumed innocent until proven guilty beyond a reasonable doubt) *with State v. Barrels of Liquor*, 47 N.H. 369, 375 (1867) (burden of proof in a forfeiture proceeding is proof by a preponderance of the evidence). Thus, an acquittal of the criminal charge may only be "'an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.' *Helvering v. Mitchell*, 303 U.S. 391, 397 (1938). As to the issues raised, it does not constitute an adjudication on the preponderance-of-the-evidence burden applica-

ble in civil proceedings." *One Lot Emerald Cut Stones, supra* at 235; *see State v. Fielders*, 124 N.H. 310, 470 A.2d 897 (1983).

In its order granting the forfeiter's motion to dismiss, the superior court declined to apply *One Assortment of 89 Firearms* and *One Lot Emerald Cut Stones* to the case before us. The court distinguished the above-mentioned cases from the case at bar on the ground that they involve acquittals after jury verdicts and not a dismissal "as a matter of law" at the close of the State's case.

■■ As we have previously stated, the standard for dismissal at the close of the State's case requires proof that the State has failed to introduce sufficient evidence to establish the defendant's guilt beyond a reasonable doubt, *State v. Casey*, 113 N.H. at 19, 300 A.2d at 326; it is not a determination of the sufficiency of the evidence on any other standard. The standard for acquittal in a case submitted to a jury is whether the State has proved all of the elements of the offense charged beyond a reasonable doubt. *See Wentworth, supra* at 838–39, 395 A.2d at 862–63. The burdens of proof being the same at the close of the State's case and at the close of all the evidence, we conclude that the superior court should have employed an analysis similar to *One Assortment of 89 Firearms* and *One Lot Emerald Cut Stones* to the case at bar. If the superior court had done so, it would have concluded that a dismissal at the close of the State's case, under these facts, did not operate to collaterally estop the State from prosecuting the subsequent forfeiture proceeding arising out of the same conduct. *See Shimman v. Frank*, 625 F.2d 80, 88–90 (6th Cir. 1980) (dismissal of criminal charges at close of government's case, because there was "not one bit of evidence" of a necessary element to convict, does not estop subsequent civil suit); *Warren v. Byrne*, 699 F.2d 95 (2d Cir. 1983) (dismissal of criminal charges at close of People's case does not bar subsequent civil suit).

We note that the defendant cites *Hopps v. Utica Mutual Insurance Co.*, 127 N.H. 508, 506 A.2d 294 (1985) in support of his contention that the State should be estopped from proceeding with its petition for forfeiture. The defendant's reliance on *Hopps*, however, is misplaced. In *Hopps*, the plaintiff sought to collect the amount of fire coverage under his homeowner's insurance policy. *Id.*, 506 A.2d at 295. This court affirmed the trial court's dismissal of the civil action after the application of collateral estoppel to preclude the plaintiff's attempt to relitigate an issue decided against him in his earlier conviction for arson in burning an insured building. We held that "'[a] *judgment in favor of the prosecuting authority* [in an earlier prosecution] is preclusive in favor of a third person in a [later] civil action . . . [a]gainst the defendant in the criminal prosecution.'" *Id.* at 511,

506 A.2d at 297 (emphasis added) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 85(2)(a) (1982)).

This is not the case before us. In the present case, a judgment was rendered in favor of the defendant in the earlier criminal proceeding. The granting of the defendant's motion to dismiss indicates that the State failed to present sufficient evidence to establish, beyond a reasonable doubt, that the defendant was in violation of RSA 647:2, I, II. It does not indicate that the State failed to establish, by a preponderance of the evidence, that the video machines were used for the purpose of illegal gambling.

The State is not, therefore, precluded by the application of collateral estoppel from pursuing its libel for decree of forfeiture pursuant to RSA 647:2, V.

*Reversed and remanded.*

All concurred.