STATE of Iowa, Appellee,

v.

Bruce G. KNUDSEN, Appellant.

No. 92–227.

Court of Appeals of Iowa.

March 30, 1993.

Linda Del Gallo, State Appellate Defender, and Elizabeth Quinlan, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Richard Crowl, County Atty., and Charles J. Stolz, Asst. County Atty., for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

In this appeal we address whether the trial court erred in denying defendant's motion to suppress evidence seized by a department store security guard and security manager after a law enforcement officer took defendant into custody.

On September 3, 1991, a snack bar employee at a department store notified security personnel a suspicious man was in the snack bar with store merchandise. When a security officer, Terry Ahlers, and a security manager, Chuck Renshaw, arrived at the snack bar, the man was gone. Assuming the man had exited the store, the security personnel proceeded to the store parking lot to look for him. When Ahlers and Renshaw arrived in the parking lot, they saw a man walking toward the store with an empty cart. They determined the man must have come from one of two cars.

Ahlers and Renshaw followed the man into the store and observed him fill his cart with electronic merchandise. The man then exited the store without paying for the merchandise. Ahlers and Renshaw stopped the man, took him back to the security office, and phoned the police. The man was later identified as Terry Hollinger.

When Officer Harter arrived, Ahlers showed him the car he believed contained the first cart of stolen merchandise. Ahlers and Officer Harter approached the car.

Officer Harter tapped on the window to get the attention of the man sitting inside the car. The man was later identified as the defendant, Bruce Knudsen. Knudsen exited the car and Officer Harter observed a VCR in the backseat. Ahlers identified the VCR as store merchandise. Officer Harter then escorted Knudsen to his squad car.

When Officer Harter left the area of the car with Knudsen, Ahlers motioned to Renshaw, indicating there was store merchandise in the car. Renshaw approached the car. Renshaw then took a screwdriver from the dash of the car, opened the trunk, and searched it. They found the trunk full of stolen store merchandise. Neither Ahlers nor Renshaw had permission to open the trunk.

The State charged Knudsen by trial information with second-degree theft. Knudsen filed a motion to suppress the evidence found in the trunk and the matter proceeded to a hearing. Thereafter, the district court overruled the motion.

At trial, the State introduced a photograph of the merchandise found in Knudsen's trunk. After trial, the jury returned a verdict of guilty. The district court sentenced Knudsen to a term of imprisonment not to exceed five years. Knudsen now appeals, contending the trial court erred in denying his motion to suppress. Knudsen argues the search of his trunk violated his Fourth Amendment rights because the search was not a private search.

Our standard of review is a de novo evaluation of the total circumstances shown by the record. *State v. Coy*, 397 N.W.2d 730, 731 (Iowa 1986), *rev'd on other grounds, Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) (reversing on confrontation issue; holding screen between child witnesses and criminal defendant charged with lascivious acts with children violated defendant's Sixth Amendment right to face-to-face confrontation).

We observe Ahlers and Renshaw broke into the trunk of defendant's vehicle. These private security personnel had no legal right to break into the vehicle. We do not encourage or condone such conduct.

We note, however, defendant did not raise the issue claiming the security personnel broke into his car and obtained merchandise in violation of the law.

■ The issue raised on appeal is whether the search conducted by the security personnel was a private search. Ordinarily private searches are not protected by the Fourth Amendment prohibition against unreasonable searches and seizures. *Burdeau v. McDowell*, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048, 1051 (1921); *see Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The constitutional safeguard "was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies." *Burdeau*, 256 U.S. at 475, 41 S.Ct. at 576, 65 L.Ed. at 1051. Our courts have recognized this principle which differentiates private individuals who act on their own and government agents. *State v. Campbell*, 326 N.W.2d 350, 352 (Iowa 1982) (citing *State v. Holliday*, 169 N.W.2d 768, 771–72 (Iowa 1969)); *State v. Bakker*, 262 N.W.2d 538, 546 (Iowa 1978); *Moose v. Rich*, 253 N.W.2d 565, 568 (Iowa 1977). In *State v. Holliday*, the Iowa Supreme Court stated it is "well settled that the Fourth Amendment restriction against unreasonable searches and seizures applies to federal and state officers but not to private persons who are acting on their own." *Holliday*, 169 N.W.2d at 771; *see also United States v. Kelly*, 529 F.2d 1365, 1371 (8th Cir.1976) ("Individual conduct devoid of governmental involvement is beyond the scope of the exclusionary rule."). Under the *Burdeau v. McDowell* rule, private security personnel are considered private citizens, unless the security personnel are acting as an agent for the government. *See Burdeau*, 256 U.S. at 475, 41 S.Ct. at 576, 65 L.Ed. at 1051; *see also State v. Gundlach*, 192 Neb. 692, 224 N.W.2d 167, 170 (1974), *cert. denied*, 421 U.S. 933, 95 S.Ct. 1663, 44 L.Ed.2d 92 (1975); *State v. Keyser*, 117 N.H. 45, 369 A.2d 224, 225–26 (1977); *People v. Randazzo*, 220 Cal. App.2d 768, 776, 34 Cal.Rptr. 65, 70 (1963),

*cert. denied,* 377 U.S. 1000, 84 S.Ct. 1933, 12 L.Ed.2d 1050 (1964).

■ In *State v. Coy,* the Iowa Supreme Court set out some guidelines for determining whether a private citizen should be considered an agent or instrument of the state:

> Whether a private citizen has become an agent or instrument of the state depends on the total circumstances surrounding the challenged conduct. Factors variously considered and weighed by courts include: (1) whether the state directly or indirectly encouraged or participated in the challenged conduct; (2) whether the state, although knowing the challenged conduct was occurring or likely to occur, did nothing to prevent it; (3) whether the challenged conduct was intended to assist law enforcement officials or to further some other end; and (4) whether law enforcement officials themselves could have undertaken the conduct without violating the defendant's fourth amendment rights.

*Coy,* 397 N.W.2d at 731 (citations omitted).

■ We apply some of the *Coy* guidelines to the facts of this case in determining whether the security guard and security manager acted as agents or instruments of the state in searching the trunk of Knudsen's car. Ahlers and Renshaw were private citizens employed by and for the department store as security personnel. There was no evidence showing their activities were undertaken in cooperation with, at the request of, or to assist a law enforcement officer. There was testimony Officer Harter did not request the security officers to conduct the search. Ahlers and Renshaw were acting in the interest of their employer and not under the direction of the police. We find the evidence indicates there was no police participation or direction in the search of defendant's trunk.

Officer Harter testified he had no knowledge Ahlers and Renshaw were going to search the trunk. Officer Harter did not see any actions of the security personnel immediately preceding the search which would have led him to anticipate they would open the trunk. Upon arresting Knudsen, Officer Harter proceeded to walk defendant to the squad car. While the officer was walking Knudsen away from defendant's car and to the squad car, Renshaw approached defendant's car and opened the trunk. Ahlers and Renshaw proceeded to search the trunk and discovered merchandise stolen from their employer's store. Testimony was presented indicating Officer Harter's back was toward Ahlers and Renshaw during this time. Officer Harter testified he did not see Renshaw open the trunk. There was testimony Officer Harter was completely removed from the area of the car when Renshaw and Ahlers conducted their search of the trunk.

Finally, no evidence existed showing the search was conducted to assist Officer Harter. Ahlers and Renshaw were acting in the interest of their employer in retrieving stolen property.

Considering the totality of the circumstances, the trial court did not err in finding Ahlers and Renshaw had not acted as an instrument or agent of the state when they searched defendant's trunk. The evidence obtained by these private persons does not fall within the exclusionary rule and is admissible in a trial. *Holliday,* 169 N.W.2d at 771–72. The trial court properly denied Knudsen's suppression motion. We affirm the trial court.

**AFFIRMED.**

SACKETT, Judge (specially concurring).

I concur with the majority opinion in all respects. The Fourth Amendment's protection as proscribing only to governmental action is wholly inapplicable "to a search or seizure, even an unreasonable one effected by a private individual not acting as an agent of the government or with the participation or knowledge of any governmental official." *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85, 94 (1984). There is no evidence the security officers were operating in participation with the police officers or with their knowledge.

The search, however, was unreasonable, and I do not, by joining the majority's opinion, condone the procedure utilized by the security officers. To enter the trunk, it was necessary for the security officers to break into the defendant's car with a screwdriver without defendant's permission. The security officers had no legal right to break into the trunk of the defendant's car.

Defendant did not raise as a challenge that the security officers, in opening the trunk, were breaking into his car, and the goods were obtained by the security officers breaking the law.[1]

---

1. Justice Holmes once said, "... apart from the constitution the government ought not to use evidence obtained and only obtainable by a criminal act...." *Olmstead v. United States,* 277 U.S. 438, 469, 48 S.Ct. 564, 575, 72 L.Ed. 944, 952 (1928) (Holmes, J., dissenting), and Brandeis said, "Experience should teach us to be most on our guard to protect liberty when the government's purposes are beneficent. ... The greatest dangers to liberty lurk in insidious encroachment by men of zeal, well-meaning but without understanding." *Olmstead,* 277 U.S. at 479, 48 S.Ct. at 572, 72 L.Ed. at 957 (Brandeis, J., dissenting).