291 A.2d 623.

STATE *vs.* RICHARD A. CONTI.

JUNE 15, 1972.

PRESENT: Paolino, Powers, Joslin and Kelleher, JJ.

238

PAOLINO, J. This case is before us on the state's exception to a ruling by a justice of the Superior Court granting a motion to suppress.

The sole issue raised by the state is whether the Superior Court is bound by a ruling of the District Court granting a motion to suppress.

We refer briefly to the pertinent facts. The defendant was charged with unlawful possession of cannabis (marijuana) on March 19, 1970. The defendant moved to suppress the evidence and, after a hearing on such motion, a judge of the District Court, Third Division, granted the motion. The prosecutor thereupon moved to dismiss the complaint on the basis of insufficient evidence. The trial judge granted this motion.

The grand jury subsequently returned a secret indictment charging defendant with the same offense, unlawful possession of cannabis, in violation of G. L. 1956 (1968 Reenactment) §21-28-31, as amended, by P. L. 1969, ch. 121. The defendant then filed two motions to dismiss in the Superior Court. Each was entitled "Defendant's Pre-Trial Motion to Dismiss." One requested the Superior Court to dismiss the indictment because it was based on the same criminal act which was involved in the complaint that was voluntarily dismissed by the prosecutor in the District Court. The second was in effect a motion to suppress the evidence in the Superior Court on the basis of res judicata in that it had previously been ordered suppressed in the District Court. After a hearing thereon in the Superior Court a justice of that court granted defendant's motion to suppress on the basis of res judicata. The

state thereupon filed its bill of exceptions challenging the correctness of that ruling pursuant to the provisions of G. L. 1956 (1969 Reenactment) §9-24-32.

The defendant argues that the state cannot present to a grand jury evidence which has been ordered suppressed, regarding a criminal charge which it voluntarily dismissed in the District Court, in order to obtain an indictment by the grand jury. The defendant further contends that the District Court's ruling that the evidence be suppressed precludes use thereof in the Superior Court if the proposed use is met by a timely motion to suppress based on res judicata. The defendant relies heavily on *Harding* v. *Carr*, 79 R. I. 32, 83 A.2d 79 (1951).[1] We do not agree with defendant's contentions, nor do we believe that *Harding* is applicable here.

Section 8-2-15[2] vests in the Superior Court original jurisdiction of the crime charged. Under the statute possession of cannabis is a felony. Section 12-10-5[3] limits District

---

[1]In *Harding* v. *Carr*, 79 R. I. 32, 38, 83 A.2d 79, 82 (1951), the court said:

"* * * a question or issue distinctly raised by the pleadings, argued by counsel, and deliberately passed on by the court is treated as res adjudicata in a subsequent action between the parties or their privies even if the cases involve different causes of action."

[2]Section 8-2-15 reads as follows:

"Criminal jurisdiction.—The superior court shall have original jurisdiction of all crimes, offenses and misdemeanors, except as otherwise provided by law, and shall sentence all persons found guilty before it to the punishment prescribed by law, and all indictments found by grand juries shall be returned into said court."

[3]Section 12-10-5 reads as follows:

"Discharge of person charged with offense beyond trial jurisdiction of district court.—Whenever any person shall be brought before any district court, charged with any offense which it has not jurisdiction to try and determine, and, after hearing all the evidence adduced in relation thereto, it shall not appear to such district court that the accused is probably guilty of such offense, or of any other·offense substantially charged in said complaint, the accused shall be forthwith discharged."

240

Court jurisdiction of felonies to discharging a defendant if he is found not probably guilty and, if he is found probably guilty, §12-10-6,[4] as amended, limits that court's jurisdiction to binding him over. In *Burke* v. *Langlois*, 104 R. I. 391, 397, 244 A.2d 593, 597 (1968), we held that a grand jury can indict independent from or in the absence of any previous examination in the District Court and in *Brady* v. *Langlois*, 104 R. I. 301, 309, 243 A.2d 906, 910 (1968), we said that even a finding of not probably guilty in District Court would not deprive the grand jury of jurisdiction. *See also State* v. *Amaral*, 109 R. I. 379, 285 A.2d 783 (1972).

As stated above, the offense charged is a felony. If the Superior Court were not allowed to rule on the motion to suppress, the case would have to be dismissed for lack of evidence. Such a ruling would, as the state points out, make

---

[4]Section 12-10-6, as amended, reads as follows:

"Recognizance or commitment on charge of offense beyond trial jurisdiction of district court.—Whenever any person shall be brought before the district court upon a complaint charging him with an offense which is not within the jurisdiction of the court to try and determine, and it shall appear to the court that the accused is probably guilty, the court shall, if the offense be bailable by it, thereupon require the accused to enter into a recognizance in such sum as the court shall direct, with sufficient surety to be approved by the court, with condition that the accused will appear at the superior court for the county in which the division is situated at the time fixed for the attendance of the grand jury therein which is next after seven (7) days from the day when said recognizance was ordered, and not to depart such superior court without leave, and in the meantime keep the peace and be of good behavior toward all the people of this state; which recognizance shall be forthwith certified as soon as may be by the district court to the court before which the accused shall recognize to appear. Whenever the district court shall require any person to enter into a recognizance for his appearance before it or before any other court, and he shall not give such recognizance, he shall forthwith be committed to the adult correctional institutions, there to remain until he be discharged pursuant to law. If the recognizance required is for the appearance of the accused before the superior court, the fact of such commitment shall be certified forthwith to the superior court before which the accused has been held to appear."

grand jury indictments meaningless and give the District Court final jurisdiction. This would be in violation of §8-2-15 which gives the Superior Court original jurisdiction of this offense. Moreover, a ruling on a motion to suppress is clearly in the nature of an evidentiary ruling. Were we to adopt defendant's arguments, we would in effect be saying that in a case such as this the Superior Court would be bound by evidentiary rulings of the District Court. The implications and consequences of such a ruling are obvious. By judicial fiat we would be making the rulings of the District Court final and at the same time we would be taking away from the Superior Court the original jurisdiction vested in it by the Legislature over numerous criminal offenses. This we will not do. The hearing in the Superior Court on the motion to suppress was not an appellate proceeding; it was a hearing de novo free from any rulings in the District Court. For the reasons stated we hold that the trial justice erred.

The state's exception to the trial justice's ruling is sustained, and the case is remitted to the Superior Court for further proceedings.

ROBERTS, C. J., did not participate.

*Richard J. Israel*, Attorney General, *Donald P. Ryan*, Asst. Attorney General, *Harold Joovelegian*, Special Asst. Attorney General, for plaintiff.

*Roberts & Willey Incorporated, David W. Carroll*, for defendant.