Hillsborough
No. 80-172

THE STATE OF NEW HAMPSHIRE

v.

LEROY STEVENS

April 17, 1981

*Gregory H. Smith*, acting attorney general (*Martha V. Gordon*, attorney, on the brief and orally), for the State.

*Paul J. Twomey*, of Manchester, by brief and orally, for the defendant.

KING, J. The defendant appeals his superior court conviction for burglary on the ground that certain evidence used to convict him was obtained pursuant to an unlawful arrest. The defendant also asserts that the granting of his motion to suppress in the district court barred the State from relitigating the legality of the arrest in the superior court. We find no error and affirm the defendant's conviction.

On the evening of November 12, 1979, Lieutenant Goonan of the Manchester police received a report from John O'Keefe, a person known to the officer for several years, that he had witnessed an incident in which an automobile struck two other vehicles and knocked down a telephone pole. The informant also reported to the officer that the three occupants of the automobile ran from the scene and were at that time running through an alley near the police station. The officer arrived at the alley in time to observe three men scaling a fence. The officer circled the building to avoid

the fence and momentarily lost sight of the three men. Continuing his pursuit, the officer came upon the three in a parking lot and placed them under arrest. Later that night, the defendant confessed to misdemeanor violations of RSA 262-A:67 (Supp. 1979) for failing to report the accident and RSA 634:3 for unauthorized use of a motor vehicle, and to a felony violation of RSA 635:1 for burglary.

On December 14, 1979, the District Court (*Capistran*, J.) consolidated the misdemeanor trials and the probable cause hearing and heard evidence on the defendant's motion to suppress his confession and other evidence derived from the arrest. On December 21, 1979, the court granted the motion to suppress and dismissed the misdemeanor charges. The court also found no probable cause to bind the defendant over on the burglary charge.

On the same day, the grand jury indicted the defendant for the burglary. After a hearing on March 12, 1980, on the defendant's motion to suppress and motion *in limine*, the Superior Court (*Goode*, J.) ruled that it was not collaterally estopped by the district court's ruling on the motion to suppress and denied the motions. The defendant waived a jury and submitted the case to the court on stipulated facts. The court found the defendant guilty and denied his motion to set aside the verdict.

The defendant argues that because the motion to suppress had been fully and fairly litigated in the district court, the doctrine of collateral estoppel barred relitigation of the legality of the defendant's arrest and, therefore, his motion *in limine* should have been granted.

█ "The judicial power of the State shall be vested in the supreme court, a trial court of general jurisdiction known as the superior court, and such lower courts as the legislature may establish under Article 4th of Part 2." N.H. CONST. pt. 2, art. 72-a. RSA 502-A:11 (Supp. 1979) gives the district court jurisdiction of criminal offenses "punishable by a fine not exceeding $1,000 or imprisonment not exceeding one year, or both." With respect to complaints charging felonies, the jurisdiction of the district court is limited to whether there is probable cause to bind the defendant over for trial to the superior court. *Benton v. Dist. Ct.*, 111 N.H. 64, 65, 274 A.2d 876, 877 (1971); RSA 502-A:11 (Supp. 1979); RSA 502-A:13. The matter of guilt or innocence in felony cases is, therefore, initially within the exclusive jurisdiction of the superior court.

█ If the superior court were not allowed to rule on the motion to suppress, the district court would have *de facto* jurisdiction to

determine the outcome of felony cases, despite the exclusive jurisdiction of the superior court, because the granting of a motion to suppress may require the dismissal of the case for lack of evidence. *See State v. Conti*, 110 R.I. 237, 240–41, 291 A.2d 623, 624 (1972). Furthermore, to apply the doctrine of collateral estoppel herein would bind the superior court to evidentiary rulings made by an inferior tribunal. *Id.* at 241, 291 A.2d at 625.

The defendant argues that it was error for the superior court to deny his motion to suppress. Specifically, the defendant notes that the provision of RSA 262-A:67 imposing the duty to report an accident resulting in death, personal injury, or property damage applies only to the driver of the automobile involved. Consequently, he argues, only one of the three men arrested had committed a crime by failing to report the accident. Because the police had no information indicating which of the three men was the driver, he contends, the police lacked probable cause to arrest any one of the three.

■■ Probable cause to arrest exists when the arresting officer has knowledge and trustworthy information sufficient to warrant a man of reasonable caution and prudence to believe that the arrestee has committed an offense. *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949); *State v. Lemire*, 121 N.H. 1, 4, 5, 424 A.2d 1135, 1138 (1981). In determining the existence of probable cause, courts are not bound by rigid mathematical calculations. *See Brinegar v. United States, supra* at 175; *State v. Hutton*, 108 N.H. 279, 287, 235 A.2d 117, 122 (1967). Rather, courts must approach the issue with a concern for the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Draper v. United States*, 358 U.S. 307, 313 (1959), *quoting Brinegar v. United States supra.*

■ The officer in this case acted upon information supplied by a person known to him for several years and whom he believed to be trustworthy. Acting on this information, the officer discovered three men running away from the scene of the accident through an alley which the informant had identified as the one through which the occupants of the car had fled. The information made known to the officer by the informant, together with his personal observations of the men in flight, gave the officer probable cause to arrest each of the three men. *See State v. Feole*, 121 N.H. 164, 167, 427 A.2d 43, 45 (1981). The mere fact that the officer arrested all three

suspects does not destroy the probable cause that existed with respect to each individual suspect.

We affirm the defendant's conviction.

*Affirmed.*

All concurred.