Belknap
No. 81-257

THE STATE OF NEW HAMPSHIRE

v.

RICHARD C. MCAVENIA

July 2, 1982

*Gregory H. Smith*, attorney general (*Donald J. Perrault*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, of Concord, appellate defender, by brief for the defendant.

PER CURIAM. The issue in this appeal from a conviction for first-degree assault, RSA 631:1 (Supp. 1981), is whether the evidence was sufficient to support a finding that the defendant did not act in self-defense. *See* RSA 627:4.

On July 17, 1981, the victim, Michael Tensel, who had consumed a

considerable amount of alcohol, was told to leave the Half-Moon Lounge in Laconia by the bartender, defendant Richard C. McAvenia. Although Tensel left, he later returned. Tensel maintained that after he returned, the defendant, without provocation, shouted at him to leave, grabbed him by the shirt, punched him, and then picked up a butcher knife and stabbed him with it several times, before others broke up the affray and the police arrived. The defendant was charged with first-degree assault. *See* RSA 631:1 (Supp. 1981). He claimed self-defense but, after a trial by jury, was found guilty. His motion to set aside the verdict was denied by the Trial Court (*Cann*, J.), and he appealed. We affirm.

At trial, the State produced three witnesses on the issue of self-defense: the victim, Tensel, and Larry and Gary Berwick, who were present in the Half-Moon Lounge at the time of the affray.

Larry Berwick testified that Tensel and the defendant had an argument during which the defendant picked up a knife and stabbed Tensel, saying: "If you want trouble, here's trouble." Gary Berwick testified that the defendant became upset when someone whistled for a beer, and that after Tensel ordered a beer and went to talk with the defendant, the defendant reached across the bar, grabbed Tensel by the shirt and punched him, although Tensel had done nothing to provoke the assault. Gary Berwick stated that after Tensel and the defendant struggled for awhile, the defendant picked up a knife and attacked Tensel with it.

The defendant testified that he told Tensel to leave the lounge because Tensel was drunk. Although Tensel left, the defendant testified that he later returned, was refused service, and attempted to get across the bar to serve himself. The defendant testified that as he pushed Tensel back, glasses and bottles fell on the floor and broke. When the defendant turned toward the debris, Tensel grabbed him from behind and stabbed him in the left buttock. The defendant also testified that when he turned and saw a knife in Tensel's hand, the defendant grabbed a knife, struck Tensel, and that a struggle ensued. The defendant offered to stop, but Tensel grabbed his hair, pulling some out. After a further struggle, the defendant and Tensel were separated, and the police arrived.

A doctor testified that the defendant suffered a wound in his buttock which was consistent with the type caused by a knife, but was not necessarily a knife wound. Police testified that hair was found on the bar. Additionally, evidence was presented that three days later a second knife was found under the bar. Two customers testified that Tensel was intoxicated and demanded service. One of the customers testified that before the stabbing, Tensel went behind the bar with a knife, but the customer did not see him use the knife.

■■ Because the evidence on the issue of self-defense was conflicting, the jury had to evaluate the credibility of the various witnesses before reaching a verdict, and we will not review the jury's decision on the credibility of the witnesses. *Duby v. Osgood*, 120 N.H. 356, 357, 415 A.2d 326, 326 (1980). Our task is only to determine the sufficiency of the evidence. We must uphold the verdict unless we find that, in viewing the evidence and all reasonable inferences therefrom in the light most favorable to the State, no reasonable fact-finder could find that the defendant did not act in self-defense. *State v. Burke*, 122 N.H. 565, 571, 448 A.2d 962, 964 (1982); *State v. Gilbert*, 121 N.H. 305, 313, 429 A.2d 323, 329 (1981); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Three witnesses for the State testified that the defendant's assault on Tensel was unprovoked and that Tensel did not have a weapon. Although the defendant did in fact suffer a wound in the buttock, he did not mention it to the police following the incident when a report of his injuries was being recorded. Testimony indicated that, during the struggle, the defendant was on his back in the area where there was a large amount of broken glass and this could have accounted for the wound to defendant's buttock. Furthermore, on the day of the incident, neither the defendant nor any of the witnesses mentioned that Tensel used a knife.

■ We cannot say on the record before us that it was unreasonable for the jury to resolve the conflicting testimony in favor of the State, and we cannot say that no reasonable trier of fact could find that the assault was not in self-defense.

*Affirmed.*