Hillsborough
No. 82-099

THE STATE OF NEW HAMPSHIRE

v.

RUSSELL E. HEBERT

December 28, 1982

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief), by brief for the State.

*Russell E. Hebert*, of Concord, by brief, pro se.

MEMORANDUM OPINION

Russell E. Hebert seeks the return to him of certain personal property that he alleges is his but has been improperly retained by the State. In June 1980, Hebert was arrested for receiving a stolen car, *see* RSA 637:7. In the car at the time of his arrest were coins and silverware valued at $4,686.76. Although Hebert was convicted of receiving a stolen car, he has not been charged with any crime in connection with the coins and silverware. The Superior Court (*Goode*, J.) denied Hebert's motion for return of these items, without prejudice to any civil remedy he might wish to exercise.

■ RSA 595-A:6 (Supp. 1981) provides, in pertinent part, that any property seized by police

> "shall be returned to the owner of the property, or shall be disposed of as the court or justice orders, which may include forfeiture and either sale or destruction as the public interest requires in the discretion of the court or justice, and in accordance with due process of law."

The standard of review of the trial court's order issued pursuant to RSA 595-A:6 (Supp. 1981) is whether the court abused its discretion in denying Hebert's motion for the return of the coins and silverware. *State v. Gullick*, 120 N.H. 99, 105, 411 A.2d 1113, 1117, *cert. denied*, 449 U.S. 879 (1980).

In *Gullick*, the defendant sought appellate review, *inter alia*, of the superior court's denial of his motion for return of various items of clothing illegally seized by the police. There, the defendant failed to provide this court with a transcript of the hearing on his motion for return of the seized property. We held that, under the circumstances, it could not be said that the lower court had abused its discretion: "There is no transcript before us of any hearing on the defendant's motion to have his clothing returned. Without a record, and in view of the discretionary language of RSA 595-A:6, we cannot say that the court abused its discretion." 120 N.H. at 105, 411 A.2d at 1117.

■ As in *Gullick*, Hebert has failed to provide us with a transcript of the hearing below on his motion for the return of the coins and silverware. Without a transcript, we cannot say that the trial court abused its discretion.

*Affirmed.*