Hillsborough
No. 82-061

# The State of New Hampshire

## v.

## Gaston R. Lessard

August 31, 1983

*Gregory H. Smith,* attorney general (*Martha V. Gordon,* assistant attorney general, on the brief and orally), for the State.

*Leonard, Prolman & Leonard,* of Nashua (*Richard W. Leonard* on the brief and orally), for the defendant.

BROCK, J.   The defendant, Gaston Lessard, although indicted for attempted first degree murder, RSA 629:1; RSA 630:1-a, and for the felonious use of a firearm, RSA 650-A:1 (Supp. 1981), was convicted of a lesser-included offense, first degree assault, RSA 631:1 (Supp. 1981), after a jury trial. The Superior Court (*Pappagianis,* J.) sentenced him to a term of imprisonment of five-to-ten years, and he appealed. For the reasons that follow, we reverse.

The charges against the defendant arose out of an incident in March 1980, during which the defendant admittedly shot and wounded his wife. His defense at trial was based on the claim that he intended to commit suicide, and only inadvertently shot at his wife. At the close of the evidence, the trial judge informed counsel he would instruct the jury not only on the crimes charged, but also on the lesser-included offenses of first degree assault and simple assault, RSA 631:1 (Supp. 1981) and RSA 631:2-a (Supp. 1981), respectively.

A person is guilty of *first degree assault* if he:
"I.  Purposely causes serious bodily injury to another; or
II. Purposely or knowingly causes bodily injury to another by means of a deadly weapon."

RSA 631:1 (Supp. 1981).

A person is guilty of *simple assault* if he:
"I.  . . .
(a) Purposely, or knowingly causes bodily injury or unprivileged physical contact to another; or

(b) Recklessly causes bodily injury to another; or

(c) Negligently causes bodily injury to another by means of a deadly weapon."

RSA 631:2-a (Supp. 1981).

The trial judge stated that he would instruct the jury, with respect to first degree assault, that the State had to prove the defendant: (1) caused bodily injury to his wife; (2) by means of a deadly weapon; and (3) that his conscious object or purpose was to cause bodily injury to her.

With respect to the simple assault charge, the trial judge stated that he would instruct the jury that the State had to prove the defendant: (1) caused bodily injury to his wife; and (2) that his conscious object or purpose was to cause bodily injury to her. The only difference between the two charges would thus be the omission of the deadly weapon element in the simple assault charge.

The defendant objected and excepted to the trial court's proposed instruction on simple assault. He argued that the court should include an instruction on RSA 631:2-a, I(c) (Supp. 1981), the elements of which concern the negligent infliction of bodily injury *by means of a deadly weapon*. Counsel for the defendant argued that this instruction should be given because a deadly weapon was in fact involved in the case.

The court denied the requested instruction and instructed the jury as proposed, pointing out specifically that "[t]he difference between first degree assault and simple assault is that, in first degree assault, the state must prove beyond a reasonable doubt that the bodily injury was caused by means of a deadly weapon." The court also presented the jury with a typewritten copy of its instructions.

On appeal, the defendant argues primarily that the trial court erred in refusing to give the requested instruction, and that the jury was confused or misled by the written and oral instructions which were provided. The defendant also argues that his post-trial motion to set aside the verdict, on the ground that it was inconsistent with two prior not-guilty findings, should have been granted. The defendant had argued in that motion that the jury acquitted him of *any* purposeful or knowing behavior when it acquitted him of attempted first degree murder and of the felonious use of a firearm.

■ We hold, as a preliminary matter, that the jury's guilty verdict on the first degree assault charge was in no way inconsistent with its prior not-guilty verdicts. As the State correctly argues, in finding that the defendant was not guilty of attempted murder or of the felonious use of a firearm, the jury in no way necessarily found that he was not acting *knowingly* or *purposefully* when the events in

question occurred. The jury determined only that the defendant did not deliberately, and with premeditation, attempt to *kill* his wife. The trial court therefore correctly denied the defendant's motion to set aside the verdict.

■ The defendant's failure to provide us with a trial transcript has seriously hampered our consideration of his primary argument. In the absence of a record of the proceedings below, we are unable to determine whether the evidence presented at trial warranted the requested instruction, and we would necessarily affirm the verdict were the defendant merely appealing the denial of a requested instruction. *See State v. Hebert*, 122 N.H. 1089, 1090, 453 A.2d 1310, 1311 (1982); *State v. Marini*, 117 N.H. 71, 73, 369 A.2d 202, 203 (1977); *see generally Nashua Housing Authority v. Tassie*, 121 N.H. 449, 450, 431 A.2d 134, 135 (1981).

The trial court was free, in the sound exercise of its discretion, to give *only* the instruction on first degree assault, if it concluded that the evidence warranted an instruction on no other lesser-included offense. The court, however, evidently found that the evidence warranted an instruction on the misdemeanor of simple assault, and the court informed the jury that it might consider *two* lesser-included offenses. However, given the defendant's concession that a deadly weapon was used, the jury may not have realized that it could find that the State had not proven use of the deadly weapon, and may have felt that it had no choice but to find the defendant guilty of the more serious charge upon which it had been instructed, if it found him guilty at all.

■ We nonetheless agree with the defendant's claim that the trial court's instructions on the lesser-included offenses of first degree assault and simple assault were erroneous as a matter of law. The court stated, both orally and in its written instructions, that the only difference between the two degrees of assault was that in first degree assault the State had to prove beyond a reasonable doubt that the injury was caused by a deadly weapon. Yet, the defendant appears never to have contested that he used a deadly weapon; indeed, counsel for the defendant argued the requested instruction should be given *because* a deadly weapon was involved. While on their face, the instructions at issue here may appear to be proper, under the particular circumstances of this case we feel compelled to hold that they were not.

■ The possibility that the jury was thereby confused, or that it reached a compromise verdict in this case, renders the court's incomplete charge on simple assault an error of significance, pre-

cluding application of our State's harmless error rule. *See State v. Staples*, 121 N.H. 959, 962, 437 A.2d 266, 267 (1981): *cf. Lupa v. Jensen*, 123 N.H. 644, 646, 465 A.2d 513, 515 (1983). The defendant's conviction must therefore be reversed.

▮ Double jeopardy clearly bars the defendant's retrial on the charges of attempted first degree murder and the felonious use of a firearm, of which he has already been acquitted. N.H. CONST. pt. I, art. 16. The defendant may be retried for the offense of first degree assault, or any other lesser-included offense.

*Reversed.*

All concurred.