Rockingham
No. 84-214

THE STATE OF NEW HAMPSHIRE

v.

FRANK J. PIERCE, JR.

February 13, 1985

*Gregory H. Smith*, attorney general (*Brian T. Tucker*, assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J. The defendant in this appeal seeks to overturn jury verdicts of guilty of accomplice to burglary and accomplice to

armed robbery rendered in the Superior Court (*Nadeau*, J.). The defendant raises two arguments. First, he claims that the evidentiary fruits of his arrest should have been suppressed at trial because his arrest was not supported by probable cause. Second, he claims that the accomplice to armed robbery verdict was supported by insufficient evidence. We affirm.

On the evening of October 4, 1983, the defendant and Eugene Dufield played pool in the Bottle Cap Restaurant on Route 4 in Northwood. On two occasions, George Moore entered the restaurant, conversed with the defendant and Dufield, and returned outside. Shortly after 8:00 p.m., the defendant and Dufield left the restaurant together.

Johnson's Dairy Bar is near the Bottle Cap Restaurant. Shortly after closing time on October 4, the dairy bar was robbed by two men identified at trial as Moore and Dufield. Both men wore nylon masks. Dufield threatened employees of the dairy bar with a pistol, in full view of the parking lot. Moore brandished a knife. Immediately prior to the robbery, the assistant manager observed a small light-colored car parked outside with the engine running and a man standing nearby. After the robbers had fled from the dairy bar, the assistant manager heard a car drive away and then called the Northwood Police Department, which in turn notified the Rockingham County Dispatch Center.

Deerfield Police Officer John Garland was on duty driving his own car that evening when he heard a radio dispatch regarding the robbery. He was eight to ten minutes by car from the site of the robbery. The broadcast stated that two or three persons had fled the scene of the robbery in a "small white-yellow Subaru kind of vehicle" and had used a gun and possibly a knife in the robbery. Shortly thereafter, Garland observed a light-colored compact car approach from the direction of Northwood, speed through a stop sign, and pull over to the side of the road. Garland drove by the car in the same direction it had been traveling, observed three men inside, and called in the license plate number.

After calling headquarters, Garland turned around, drove past the car again, turned around again, and pulled up behind the car. Upon hearing the sirens of the approaching assistance, he walked up to the car. One of the passengers had meanwhile left the car and was entering the woods. In response to Garland's inquiry if everything was all right, the passenger stated that he was entering the woods to urinate. Garland testified that the passenger's conduct suggested that "he was hiding something." As Garland approached the car, he observed a nylon stocking on the rear seat next to a male passenger who was later identified as Eugene Dufield. Garland tes-

tified that, although the stocking looked to him like a cap, he associated the stocking with the commission of the robbery. Garland also observed the defendant in the driver's seat remove a can of beer from between his legs and place it on the floor. At this time, Garland opened the car door and placed the defendant under arrest for driving while under the influence of intoxicating liquor, RSA 265:82 (Supp. 1983). Dufield was also arrested. The other passenger had meanwhile fled into the woods. The police later found a gun under the front seat, a nylon stocking, and two money bags, all of which were admitted in evidence against the defendant.

The defendant argues that, because his arrest was not supported by probable cause, he was illegally seized in violation of his State and Federal Constitutional rights, and, consequently, that the fruits of his illegal arrest should have been suppressed. *See State v. Chaisson*, 125 N.H. 810, 819, 486 A.2d 297, 304 (1984) (any evidence obtained in violation of the right to be free from unreasonable seizures cannot be used at trial); *Wong Sun v. United States*, 371 U.S. 471, 485 (1963).

■ "Probable cause to arrest exists when the arresting officer has knowledge and trustworthy information sufficient to warrant a man of reasonable caution and prudence to believe that the arrestee has committed an offense." *State v. Stevens*, 121 N.H. 287, 290, 428 A.2d 1241, 1243 (1981). In denying the defendant's motion to suppress, the superior court ruled that Officer Garland had probable cause to arrest the defendant for armed robbery, RSA 636:1, III, and for driving while under the influence of intoxicating liquor, RSA 265:82 (Supp. 1983). Because we conclude that probable cause existed to arrest the defendant for armed robbery, we need not decide whether Officer Garland was justified in arresting the defendant for DWI. *See United States v. Thevis*, 469 F. Supp. 490, 504 (D. Conn.), *aff'd*, 614 F.2d 1293 (2nd Cir. 1979), *cert. denied*, 446 U.S. 908 (1980).

■ The radio dispatch alerted Officer Garland that two or three men were fleeing the scene of the robbery. He observed a car matching the description of the getaway car travel at excessive speed through a stop sign. The car contained three men and was traveling in a direction and was a distance away from the scene of the robbery consistent with a possible path of flight of the robbers. Upon Garland's approach, one of the passengers entered the woods and behaved in a way which indicated to the officer that the passenger was "hiding something." Finally, Officer Garland observed on the back seat a nylon stocking which the officer testified he associated with the commission of the robbery. We find that these circum-

stances could lead a reasonable person to believe that the passengers of the car had participated in and were fleeing from the robbery. Probable cause therefore supported the arrest, and the motion to suppress was properly denied.

 In determining whether evidence sufficiently supports a guilty verdict, "we will view the evidence in the light most favorable to the prosecution . . . . We will uphold the jury's verdict 'unless no rational trier of fact could have found proof of guilt beyond a reasonable doubt.' . . . Furthermore, circumstantial evidence may be deemed sufficient to support a conviction if it excludes all other rational conclusions." *State v. Cobb*, 123 N.H. 536, 540, 465 A.2d 1203, 1206 (1983) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)).

"A person is an accomplice of another person in the commission of an offense if: (a) *with the purpose of promoting or facilitating the commission of the offense*, he . . . aids or agrees or attempts to aid such other person in planning or committing it . . . ." RSA 626:8, III(a) (emphasis added). The defendant contends that insufficient evidence supported the verdict of guilty of accomplice to armed robbery because no evidence was admitted directly indicating that the defendant was aware that weapons were used. The defendant argues that the evidence therefore does not establish that he acted with the intent of "promoting or facilitating" armed robbery.

 The defendant's argument is unpersuasive. The defendant was with Dufield in the Bottle Cap Restaurant shortly before the robbery. They conversed several times with Moore while in the restaurant and left together. Moore's conduct suggested that he was entering the restaurant for the sole purpose of meeting with the defendant and Dufield. During the robbery, the assistant manager of the dairy bar observed a parked car outside with its engine running. The car's description matched the one in which the defendant was arrested. At the arrest, the police found under the front seat a gun similar to the one used in the robbery. Viewed in the light most favorable to the prosecution, this circumstantial evidence precludes all conclusions other than that the defendant participated in the planning and execution of the robbery and was aware that weapons were used. *State v. Canney*, 112 N.H. 301, 302–03, 294 A.2d 382, 383 (1972).

*Affirmed.*

All concurred.