Rockingham
No. 84-070

## The State of New Hampshire

v.

## Helen Mayo

August 7, 1985

*Peter W. Mosseau*, acting attorney general (*Donald J. Perrault*, assistant attorney general, on the brief), by brief for the State.

*Bertram D. Astles*, of Derry, by brief for the defendant.

PER CURIAM. The defendant, Helen Mayo, appeals from her conviction in the superior court for conspiracy to commit robbery. (RSA 629:3 and RSA 636:1). She seeks reversal of her conviction on the grounds that the failure of the Trial Court (*Wyman*, J.) to instruct the jury on the law of conspiracy in the specific language requested by the defendant was error and that the trial court erred in denying her motion to dismiss the indictment against her when eleven months had elapsed between the date of the offense and the return of the indictment. For the reasons that follow, we affirm.

On May 22, 1982, Michael Bouchard, known as a drug dealer, was shot to death in his Portsmouth apartment during a "botched" effort to rob him. From evidence presented at trial, the jury could properly find that the defendant and her alleged co-conspirators had for several months discussed the possibility of committing a robbery and that these discussions culminated in a plan to rob Bouchard on May 22, 1982. During the trial, a number of the alleged co-conspirators, who themselves had already pleaded guilty to charges arising out of the incident, testified concerning statements made by the defendant both before and after the robbery.

At trial, counsel for the defendant requested that the following instruction be given to the jury:

"You are instructed that in determining whether a conspiracy existed, you should consider the actions and declarations of all of the alleged participants. However in determining whether a particular defendant was a member of the conspiracy, if any, you should consider only his or her acts and statements. He or she cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed and that he or she was one of its members.

Therefore whenever it appears beyond a reasonable doubt from the evidence in a case that a conspiracy existed, and that an accused was one of its members, then the statements thereafter knowingly made and the acts thereafter knowlingly [sic] done by a person likewise found to be a member may be considered by the Jury as evidence in the case as to the accused found to have been a member, even though the statements and acts may have occurred in the absence and without the knowledge of the defendant, provided such statements and acts were knowingly made and done during the continuance of such conspiracy, and in the furtherance of some object or purpose of the conspiracy.

Otherwise, any admission or incriminatory statement made or act done outside of Court by one person may not be considered as evidence against any person who was not present and heard the statement made or saw the act done."

As part of its charge to the jury on the law of conspiracy, the trial court gave the first paragraph of the requested instruction, but it failed to give the second and third paragraphs. Counsel for the defendant excepted, stating that the purpose of the omitted portions of the instruction was ". . . to give the jury some instruction as to how to use statements of coconspirators [sic] right. Now they have no instruction."

 It is apparent to us that the trial court's instructions to the jury on the law of conspiracy, and particularly its use of paragraph one of the requested instruction, not only charged the jury on the law relating to conspiracy but gave an instruction more favorable than the defendant was entitled to have. The instruction on the use that the jurors should make of co-conspirators' statements in performing their duties as jurors was correct. The defendant's exception is without merit.

■ We have held on numerous occasions that the trial court has no obligation in its charge to the jury to use specific language requested by a defendant, provided that the instructions given are fair and impartial, and adequately communicate the applicable law to the jury. *State v. Colby*, 116 N.H. 790, 795, 368 A.2d 587, 591 (1976); *State v. Sands*, 123 N.H. 570, 615, 467 A.2d 202, 231 (1983); *State v. Fennelly*, 123 N.H. 378, 390, 461 A.2d 1090, 1097 (1983). Suffice it to say that *Krulewitch v. United States*, 336 U.S. 440 (1949), does not stand for the proposition, as urged by the defendant's appellate counsel, that statements of the defendant, testified to by her alleged co-conspirators and admitted into evidence at trial, cannot be used by the jury in determining the guilt or innocence of the defendant.

We do not address additional arguments or the remaining issue raised in the defendant's brief because they are not properly before us. *See State v. Marcotte*, 123 N.H. 245, 247, 459 A.2d 278, 279 (1983) (failure to submit original affidavit to the court); *State v. Hebert*, 122 N.H. 1089, 1090, 453 A.2d 1310, 1311 (1982) (failure to provide transcript of a hearing).

*Affirmed.*