Rockingham
No. 85-404

THE STATE OF NEW HAMPSHIRE

v.

ARTHUR E. WRIGHT

May 12, 1986

*Stephen E. Merrill,* attorney general (*T. David Plourde,* assistant attorney general, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

In this appeal from his conviction for driving while intoxicated, second offense, RSA 265:82, :82-b (Supp. 1985), the defendant challenges the sufficiency of the evidence. We affirm.

On the night of February 21, 1985, the defendant's neighbor, William McGrath, heard a crash outside of his window and discovered that his camper had been struck by the defendant's car. Mr. McGrath left his house and hurried to the scene of the accident. He observed that the defendant was having difficulty getting out of his car and detected an odor of alcohol. The defendant requested that he not phone the police, but Mr. McGrath informed him that the police already had been called. When the Derry police arrived at 9:51 p.m., they found the defendant at the home of another neighbor, Ralph Holt. The defendant was sitting at a table with a glass of whiskey in his hand, and an officer saw the defendant drink from the glass.

At the request of the police, the defendant accompanied them to the scene of the accident. One of the officers testified that the defendant "staggered" and "had trouble keeping his balance." At the scene, the defendant attempted and failed several field sobriety tests and was placed under arrest. At the police station, analysis of a blood sample taken at 10:50 p.m. revealed that the defendant had a blood alcohol level of .17. The defendant agreed to answer questions from an alcohol influence report form, denying that he had been drinking prior to the accident, but admitting that he had had a drink after the accident.

At the jury-waived trial in Superior Court (*Dunn*, J.), the State offered the testimony of Mr. McGrath, the observations of the police officers who had arrested the defendant, and the results of both the field sobriety and the blood alcohol tests. The defendant subsequently moved for dismissal and for a directed verdict. The court denied the motions, and convicted and sentenced the defendant. This appeal followed.

■■■ The defendant asserts that the evidence was insufficient to prove beyond a reasonable doubt that he was driving while intoxicated. *State v. Sliz*, 124 N.H. 389, 391, 469 A.2d 1357, 1358 (1983). We must view the evidence in the light most favorable to the State, and uphold the verdict of the fact-finder unless no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *State v. Pierce*, 126 N.H. 84, 87, 489 A.2d 109, 111 (1985). Circumstantial evidence will be sufficient to support a conviction if it excludes all other rational conclusions. *Id.* The burden of demonstrating insufficient proof of guilt rests upon the defendant. *See State v. Burke*, 122 N.H. 565, 569, 448 A.2d 962, 964 (1982).

■■■ The defendant argues that it is reasonable to infer that his conduct was influenced by the liquor he consumed after the accident, and by a blow to the head that he received during the accident. The blood sample, however, was taken from the defendant approximately one hour after the accident, and it is reasonable to infer that the defendant's blood alcohol level could not have risen from zero to .17 in less than one hour, given the field sobriety test results shortly after the police arrived. We cannot say that no rational person could have found beyond a reasonable doubt that the defendant was guilty of driving while intoxicated.

*Affirmed.*