Sullivan
No. 85-092

### THE STATE OF NEW HAMPSHIRE

v.

### ALLEN C. CHAPIN

July 29, 1986

*Stephen E. Merrill*, attorney general (*Gregory W. Swope*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BROCK, J. The defendant, Allen Chapin, was indicted and tried on two counts of aggravated felonious sexual assault, RSA 632-A:2, XI (Supp. 1983). After a jury trial in the Superior Court (*DiClerico*, J.), the defendant was found guilty on one count and not guilty on the other count. The defendant's motion to set aside the verdict and/or for a new trial was denied, subject to exception. The issue raised by this appeal is whether the verdict convicting the defendant of the assault on one girl while acquitting him of the assault on the other girl is reversibly inconsistent.

Although contradictory at times, the girls' testimony recounted the following sequence of events. During the evening hours of August 26, 1984, two minor females were babysitting at a neighbor's house. Sometime after 11:00 p.m. the girls walked to the home of one of them. The defendant followed them, entering the house without permission. The minor's mother was at work. When the girls asked him to leave the premises, the defendant refused. Instead, he told the girls to remove their clothing and dance with him. While he was dancing with each of them individually, he inserted his finger or fingers into their vaginas.

At trial, each girl testified only as to the defendant's penetration into her own vagina. Neither girl could substantiate whether the defendant penetrated the other.

The defendant denies that any assault took place. While he would admit that he was in the girls' company that evening, he asserts that he did not sexually assault either girl. He claims to have accompanied the girls home from their babysitting job, after which they all listened to music until the grandfather of one of the minors, who lives next door, heard noise, investigated, and asked him to leave.

Following a two-day trial, the jury returned a verdict of guilty of the assault on one of the minors and not guilty of the assault on the other. The defendant filed a motion to set aside the verdict and/or for a new trial, which the trial court denied. Appealing the denial of this motion, the defendant asserts that the jury's decision to return inconsistent verdicts was the result of an illegal "compromise . . . which ignored the substantial doubts raised concerning the credibility of both alleged victims." The defendant requests a new trial on the conviction to "assure that [the] conviction reflects the considered judgment of each juror that the defendant is in fact guilty of one

offense and does not simply reflect an abdication of the jury's function."

Inconsistency, in the context of this case, means "[a]n alleged or actual lack of rational compatibility between the verdicts." Annot., 18 A.L.R. 3d 259, 269 (1968). The defendant asserts that the jury's verdicts convicting him of assaulting one girl while acquitting him of assaulting the other are inconsistent because the indictments arose from a single incident and the jury's assessment of the credibility of the girls' testimony was determinative because the girls' testimony was the sole basis for conviction.

■ However, contrary verdicts are not reversibly inconsistent if upon consideration of the facts and circumstances of the case, the jury's conclusions can be reconciled on a rational basis. *State v. Lessard*, 123 N.H. 788, 790–91, 465 A.2d 516, 517 (1983); *People v. Fields*, 66 Mich. App. 347, 350, 239 N.W.2d 372, 374 (1976). We find that the verdicts in this case can be reconciled on a rational basis, and therefore conclude that no reversible inconsistency exists.

■ The defendant mischaracterizes the assaults when he refers to them as a "single incident." Although alleged to have occurred at approximately the same time, there were two different victims of two distinct assaults. Where several offenses charged in a multi-count indictment involve factual variations, such as different victims, the finding on one count will not ordinarily be held inconsistent with that on any other. *See Davis v. State*, 229 Md. 139, 141, 182 A.2d 49, 50, *cert. denied*, 371 U.S. 898 (1962).

■■ At trial, each victim testified as to the defendant's penetration of her own vagina but gave no testimony as to the assault on the other. The jury could, without any inconsistency, believe the testimony of one of the victims and find the defendant guilty on that charge, while finding the testimony of the other alleged victim lacking in credibility, and find the defendant innocent on the other assault charge. It is the jury's function to hear the testimony, observe the witnesses, and judge their credibility; it is not bound by the evidence and may accept or reject the evidence in whole or in part. *State v. Sands*, 123 N.H. 570, 590, 467 A.2d 202, 214 (1983). Because the jury observes and evaluates the testimony of the witnesses, it is generally in a better position than this court to determine the facts and to assess the credibility of the witnesses. *See State v. Champagne*, 125 N.H. 648, 651, 484 A.2d 1161, 1163 (1984); *State v. McAvenia*, 122 N.H. 580, 582, 448 A.2d 967, 968 (1982).

Upon a review of the record, we conclude that the jury's differing assessments of the credibility of the two girls' testimony could pro-

vide a rational basis for its differing verdicts. The trial judge instructed the jury to "consider the offenses as separate offenses" and to "[c]onsider the evidence with respect to each offense and consider the law with respect to each offense, and arrive at your verdicts separately." It appears that the jury did just that.

Thus, in this case, the verdicts present no inconsistency and are capable of logical reconciliation. The trial court, therefore, correctly denied the defendant's motion to set aside the verdict and/or for a new trial.

*Affirmed.*

All concurred.