Hillsborough
No. 85-468

THE STATE OF NEW HAMPSHIRE

v.

KENNETH DEGRENIER

October 2, 1986

*Stephen E. Merrill*, attorney general (*Steven L. Winer*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

KING, C.J.    The defendant was indicted by a Hillsborough County grand jury for possession of Lysergic Acid Diethylamide (LSD) with intent to distribute, RSA 318-B:2, I. After the denial of a pretrial motion to suppress evidence (*Goode,* J.), the defendant was convicted by a jury and sentenced by the Superior Court (*Bean,* J.) to from two to seven years at the State prison. On appeal, the defendant contends that his conviction must be overturned because the search leading to his arrest was unlawful. We find no error and affirm.

The following facts were established at trial. On March 26, 1984, at about 5:30 p.m., Detective John McDermott of the Nashua police received a telephone call from a person he had met on prior occasions. His caller had never provided the police with information in the past.

The caller said that someone named John "Bergman" or "Burgman," a white male and an active drug dealer in the Ash Street area of Nashua, was going to sell one hundred tablets of LSD at his parents' house at 11:00 p.m. that night. The caller stated that Bergman's parents lived in the area of Central Street. McDermott checked police records but found no record of either "John Bergman" or "John Burgman." When McDermott asked his fellow officers about the name, he was informed that a John Bergan, who lived at 47 Central Street with his parents and other relatives, was known for drug activity and sales. Although Bergan lived at 47 Central Street, and the caller had referred to the Ash Street area, McDermott "knew from [his] experience that the section of Ash Street being referred to was the section between Central and West Hollis Street."

That night, two officers set up a surveillance of 47 Central Street. They watched the defendant enter Bergan's house at 11:00 p.m. The defendant and another man were sighted at a lighted window on the second floor. The two men were in the apartment for about a half-hour, and during that time they continually peered out of the window. When the defendant left the apartment around 11:30 p.m., the officers stopped him. When they told him that they had observed him leaving Bergan's house, the defendant attempted to flee. The police caught him and searched him, revealing contraband. The defendant was formally arrested and advised of his rights. One of the officers testified at trial that the search, discovery of the contraband, and arrest of the defendant occurred "in one continuous motion." At the station, the defendant signed a four-page confession.

On appeal, the defendant contends that because he was arrested after the search, the search was not valid as incident to a lawful arrest. The defendant does not state whether he is relying upon the State Constitution or the Federal Constitution or both. State constitutional law is identical to the law of its federal counterpart in this case, *see State v. Parker*, 127 N.H. 525, 529, 503 A.2d 809, 811 (1985), and we therefore will analyze and decide the defendant's claims under the State Constitution without making a separate federal analysis. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

The defendant concedes that the police had reasonable suspicion to justify stopping him after he left the apartment building. *See State v. Brodeur*, 126 N.H. 411, 415–16, 493 A.2d 1134, 1138 (1985). Once reasonable suspicion justifying a stop was established, probable cause to arrest him followed as a result of the defendant's attempted flight, which elevated the officers' suspicion to the level necessary to establish probable cause. *See State v. Pierce*, 126 N.H. 84, 86, 87, 489 A.2d 109, 111 (1985). Thus, the defendant's arrest was lawful because it was based upon probable cause independent of the fruits of the prior search. *Id.* In contemplation of law, the arrest occurred when the police apprehended the defendant after his flight.

The police may legitimately conduct a warrantless search of a person incident to a lawful arrest. *State v. Farnsworth*, 126 N.H. 656, 662, 497 A.2d 835, 838 (1985). "Where an arrest may lawfully be made, a search without a warrant made prior to the arrest is not necessarily unreasonable or unlawful if substantially contemporaneous with the arrest." *State v. Davis*, 108 N.H. 45, 49, 226 A.2d 873, 876 (1967); *see also Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980). The search of the defendant was substantially contemporaneous with his arrest, and the fruits of the search were not necessary to establish probable cause. We therefore hold that the search of the defendant was valid as incident to a lawful arrest. Finding no error, we affirm.

*Affirmed.*

All concurred.