Merrimack
No. 86-431

### The State of New Hampshire

v.

### Steven E. Meaney

June 8, 1987

*Stephen E. Merrill,* attorney general (*Robert B. Muh,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   The defendant was indicted on charges of burglary, RSA 635:1, and attempted first degree assault, RSA 629:1 and RSA 631:1, and was convicted after a jury trial in the Superior Court (*DiClerico,* J.) of the lesser-included offense of criminal trespass, RSA 635:2, and of attempted first degree assault. On appeal of the attempted assault conviction, the defendant claims that the evidence was insufficient to prove that he attempted to cause bodily injury with a knife. We affirm the conviction.

The testimony at trial established the following facts. At approximately 10:30 p.m. on September 5, 1985, Patricia Smith went to bed. It was a warm night and she left a side door open, locking the outside screen door and her bedroom door. Around 1:00 a.m., Smith was awakened by her dog's barking. She turned on her bedroom and hallway lights and went to investigate. When she opened her bedroom door, there was a man standing in the hallway, whom she recognized as the defendant, Steven Meaney.

Meaney came at Smith with a knife. She grabbed his hand and the knife. A struggle ensued, and the defendant knocked Smith to the floor, pushing her head down by gouging her eyes. Meaney then grabbed her by the throat with his free hand, pulled her up, and

repeatedly told her, "Turn off the light." She managed to turn off the hall light without releasing her grip on the hand holding the knife. Meaney then forced her into the bedroom. After she turned out the bedroom light, Smith began struggling again because she could not breathe. Both she and Meaney lost their grip on the knife, and it "flew across the room." Meaney then forced her onto the bed and strangled her almost to the point of unconsciousness.

When she felt herself on the verge of unconsciousness, Smith began kicking furiously. One kick hit the television that was on the side of the bed and the television came on full blast. Meaney continued to strangle Smith and then suddenly disengaged himself and ran out of the house.

The police later arrested Meaney at his home, and a search of his home and cars uncovered evidence linking him to the crime. The only issue raised by the defendant on appeal is whether the evidence was sufficient to support his conviction for attempted first degree assault.

■■ When a person "[p]urposely or knowingly causes bodily injury to another by means of a deadly weapon," he or she is guilty of first degree assault. RSA 631:1, II. Attempt is defined statutorily as follows:

> "A person is guilty of an attempt to commit a crime if, with a purpose that a crime be committed, he does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step toward the commission of the crime." RSA 629:1, I.

An act must be "strongly corroborative of the actor's criminal purpose" to constitute a substantial step toward committing the crime. RSA 629:1, II.

■■ The State correctly notes that on appeal the defendant has the burden to show that the evidence was insufficient to prove his guilt beyond a reasonable doubt. *State v. Smith*, 127 N.H. 433, 436, 503 A.2d 774, 776 (1985). When we review the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the State, and uphold the jury's verdict unless no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *State v. Wright*, 128 N.H. 122, 123, 509 A.2d 1253, 1254 (1986); *State v. Smith supra*.

The defendant claims that the evidence at trial was insufficient to show that he acted with a specific purpose to commit bodily injury with a knife, which was required to support a conviction for attempt-

ed first degree assault under the indictment against him. He argues that his initial attack on Smith with a knife was not strongly corroborative of a purpose to cause bodily injury with a knife in light of the evidence that he made no attempt to free the knife from the victim's defensive grasp or recover it once it was dropped. This argument is completely without merit.

The essence of a jury's function is to determine the weight and credence to be given the evidence at trial. *State v. Sands*, 123 N.H. 570, 590, 467 A.2d 202, 214 (1983); *see also State v. Chapin*, 128 N.H. 355, 357, 513 A.2d 358, 359 (1986). The jury was free to reject the inferences urged by the defendant. Indeed, the jury could quite understandably have found that the reason the defendant did not free the knife from his victim's grasp was that, as Smith testified, she "was using every bit of strength [she] had not to let go of the knife." Furthermore, the fact that, after the defendant and his victim lost their hold on the knife, the defendant chose to strangle his victim almost to the point of unconsciousness, rather than retrieve the knife in order to stab her, does not negate the inference that he intended to cause her bodily injury when he initially came at her with the knife. It is simply incredible to suggest otherwise.

As the defendant notes, "Conduct illuminates intent." *State v. Wills*, 107 N.H. 107, 109, 218 A.2d 47, 48 (1966). Smith testified that the defendant "had the knife in his hand and came up like this (demonstrating) towards me . . . a lunge." Based on her testimony, a jury could rationally have concluded beyond a reasonable doubt that the defendant had intended to cause bodily injury to Smith when he came at her with a knife and that this act was a substantial step towards the commission of first degree assault. Therefore, we affirm the defendant's conviction.

*Affirmed.*

All concurred.