Rockingham
No. 86-398

THE STATE OF NEW HAMPSHIRE

v.

PHILLIP COLLINS

July 10, 1987

*Stephen E. Merrill*, attorney general (*T. David Plourde*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

JOHNSON, J. The defendant appeals his conviction for misdemeanor sexual assault under RSA 632-A:4, and alleges that the evidence adduced at trial was insufficient to prove that the defendant used a position of authority to coerce the victim to submit to sexual contact under the statute. *See* RSA 632-A:2, X. We affirm.

The defendant was hired by the Derry School District in 1979 as a psychometrist. His job involved working with students having learning difficulties, including the victim, age 14, with whom he worked on a regular basis while she was in sixth and seventh grade. The victim testified at the trial that at various Friday afternoon sessions during seventh grade, the defendant hugged her, placed her on a table, lay on top of her and moved back and forth. He would also kiss her, and touch her breasts on top of her clothing.

The complaint charged the defendant with sexual contact occurring on August 19, 1984, shortly after the victim had completed the seventh grade. The victim testified that on this date, while she was alone with the defendant in his car, the defendant pushed her down in his lap and touched her breast. After a jury trial in the Superior Court (*Gray*, J.), the defendant was convicted and this appeal followed.

■■ We begin by noting that in a challenge based on the sufficiency of the evidence to support the conviction, the standard of review is whether or not a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt, after viewing the evidence and all inferences reasonably derivable therefrom in the light most favorable to the State. *State v. Stauff*, 126 N.H. 186, 189, 489 A.2d 140, 142 (1985). The verdict will not be disturbed unless no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Pierce*, 126 N.H. 84, 87, 489 A.2d 109, 111 (1985).

Under RSA 632-A:4, read in conjunction with RSA 632-A:2, X, a person is guilty of a misdemeanor if he subjects another person to sexual contact where the victim is 13 years of age or older and under 16 years of age and the person is in a position of authority over the victim and uses this authority to coerce the victim to submit. The defendant concedes that he stood in a position of authority over the victim at the time of the incident, but argues that the evidence at trial was insufficient to establish that he used this authority to coerce the victim to submit. The defendant contends that the mere fact that he "impulsively grabbed the victim" is insufficient to prove a "nexus" between the position of authority and the coercion used, and that the defendant should have been prosecuted for action under the circumstances described in RSA 632-A:2, I; namely, where the actor "overcomes the victim through the actual application of physical force . . . ." We reject this argument.

The essence of the defendant's position is that the "coercion" contemplated by RSA 632-A:2, X is merely the undue influence or psychological domination which a person in a position of trust or

authority is capable of exercising over his charge by reason of such position of trust or authority. Under such a narrow reading of RSA 632-A:2, X, coercion other than the subtle persuasion arising from the position of authority falls outside of the statute.

While it is clear that the "position and use of authority" language in RSA 632-A:2, X was intended to prohibit sexual exploitation of children by those having authority over them, a common sense reading of the statute suggests the conclusion that it was not intended to proscribe only the sexual exploitation of children effected by mere psychological undue influence. Certainly an authority figure may use a broad range of coercive tactics, including use of physical force, to coerce a child's submission to, and subsequent silence about, sexual activity, all of which would fall within the statutory meaning of coercion.

■ The defendant argues that his narrow definition of "coerce" is in effect written-in to RSA 632-A:2 by virtue of its usage in paragraphs III and IV. These paragraphs refer to coercion in terms of threatened physical force, and threatened retaliation against a victim, respectively. While these two statutory paragraphs are descriptive of two specific examples of "coercion," we do not think they constitute an exhaustive statutory definition of the term. The word "coerce" is nowhere specifically defined in the statute. The defendant has pointed to no case law doing so, and our research has revealed none. In New Hampshire, in the absence of specific statutory definition, statutory words are to be construed according to their common and approved meaning. *See* RSA 21:2. Webster's Seventh Collegiate Dictionary 439 (1961) defines the term "coerce" to mean "1: to restrain, control or dominate, nullifying individual will or desire . . . 2: to compel an act or choice by force, threat, *or other pressure* . . . 3: to effect, bring about, establish, or enforce by force, threat, *or other pressure* . . . ." (Emphasis added.) Clearly, this definition exceeds the narrow confines of undue influence and psychological manipulation which the defendant would impose on the term as used in RSA 632-A:2, X.

■■ We think there is no basis in law or logic to restrict the application of RSA 632-A:2, X to the coercion of children by the mere psychological undue influence that an authority figure might have over a child. Although undue influence and psychological manipulation are often part of the relationship between the actor and the victim, they are not the sole coercive powers for which such an actor is accountable. A person in a position of authority who uses such authority in any way to coerce the child's submission to sexual

activity is subject to prosecution under RSA 632-A:2, X, whether the coercion involves undue influence, physical force, threats, or any combination thereof. The defendant's physical acts do not insulate him from the consequences of relying on his position to induce the victim to enter the car. We hold that the evidence in this case was sufficient to establish that the defendant used his position of authority to coerce the victim to submit to sexual contact.

*Affirmed.*

All concurred.