Hillsborough
No. 86-155

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH DANIEL FLETCHER, JR.

August 11, 1987

*Stephen E. Merrill*, attorney general (*William H. Lyons*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J.   A jury found the defendant, Joseph Daniel Fletcher, Jr., guilty of second degree assault, RSA 631:2, III, and simple assault, RSA 631:2-a, I(a), for acts committed upon his mother and father, respectively. The Superior Court (*Bean*, J.) sentenced the defendant to not less than two years, nor more than five years, in the New Hampshire State Prison on the second degree assault conviction, and twelve months in the House of Correction, suspended sentence, on the simple assault conviction. The defendant appeals his conviction for second degree assault on the ground that there was insufficient evidence to convict. We disagree and affirm the defendant's conviction.

. A review of the record indicates that in July, 1984, the thirty-two-year-old recently divorced defendant moved in with his parents in Manchester. On September 17, 1985, the defendant's mother, who was sixty-two at the time, and his father, who was seventy, were in the kitchen talking about the defendant. The defendant, who was upstairs in his bedroom, overheard his mother state that she did not want the defendant living in their home any longer. Upon hearing this, the defendant descended the stairs yelling at his mother, threatening to have her deported or placed in the New Hampshire Hospital. Upset by these remarks, the defendant's mother "told him to shut up," and when he refused, she slapped him and turned to leave the kitchen. Thereupon, the defendant struck his mother from behind, delivering a blow to her head and causing her to fall to the floor. The defendant again struck his mother, this time in the head, chest, back, and shoulders while she attempted to escape by rolling away on the floor. The defendant's father separated the defendant from his mother, sent the defendant upstairs, and called the police. Shortly thereafter, the defendant came downstairs and began to assault his mother again. This time he grabbed his mother's hair, smashed her head against a ping-pong table, and threw her to the floor. The defendant then jumped on his mother, punched her, and kicked her. The defendant's father again intervened, allowing defendant's mother to flee from the house.

The defendant's mother testified that, as a consequence of the attack, she suffered numerous injuries. She had a lump and split on the back of her head, her head was swollen, her shoulder blade and ribs were injured, and her eye was swollen and discolored.

On appeal, the defendant asserts that he is not guilty of a second degree assault because there was insufficient evidence to prove "circumstances manifesting extreme indifference to the value of human life." RSA 631:2, III. He contends that his conduct, at best, constituted a misdemeanor assault because he did not use a deadly weapon in the attack and because the State did not present evidence of a prolonged assault. This argument is completely without merit.

■■ In considering whether there was sufficient evidence to support the defendant's conviction for second degree assault, this court must determine whether any "rational trier of fact, while viewing the evidence in the light most favorable to the State, could have found the defendant guilty beyond a reasonable doubt." *State v. Steer*, 128 N.H. 490, 492, 517 A.2d 797, 799 (1986) (quoting *State v. Stauff*, 126 N.H. 186, 189, 489 A.2d 140, 142 (1985)). We will not disturb a verdict unless no rational trier of fact could have found

the defendant guilty beyond a reasonable doubt. *State v. Pierce*, 126 N.H. 84, 87, 489 A.2d 109, 111 (1985).

■■ We have previously determined that "an attacker acts with 'extreme indifference' when he inflicts any degree of bodily injury on a victim and when the 'circumstances' of the attack demonstrate a blatant disregard for the risk to the victim's life." *State v. Saucier*, 128 N.H. 291, 297, 512 A.2d 1120, 1125 (1986) (citing *State v. Bailey*, 127 N.H 416, 423, 503 A.2d 762, 768 (1985)). Keeping in mind that "[t]he essence of a jury's function is to determine the weight and credence to be given the evidence at trial," *State v. Meaney*, 129 N.H. 448, 451, 529 A.2d 384, 386 (1987), our review of the record indicates that the jury could reasonably have found that the defendant's mother suffered bodily injury as a result of the attack. As already indicated, evidence was presented that the mother's injuries included a lump and a split on the back of her head, her shoulder blade and ribs were injured, and her eye was swollen and discolored. Furthermore, the jury could reasonably have found that the defendant's attack evidenced a blatant disregard for his mother's life. Testimony was presented that the thirty-three-year-old defendant struck his sixty-two-year-old mother from behind with such force as to drive her to the floor. The defendant repeatedly jumped on her, landing on her head, chest, and back. A short time later, the defendant assaulted his mother a second time, grabbing her by the hair and smashing her head into the ping-pong table. The jury could reasonably have concluded that had it not been for the intervention of the defendant's father, the assault would have continued, possibly resulting in the death of the mother. *See Bailey*, 127 N.H. at 423, 503 A.2d at 768.

■ Further, we find no merit to the defendant's contention that the assault did not demonstrate extreme indifference to the value of his mother's life because he did not use a deadly weapon. The use of a deadly weapon is not an element of the offense set forth in RSA 631:2, III; furthermore, this court has previously sustained the conviction of a defendant pursuant to RSA 631:2, III, where there was no use of a deadly weapon. *See, e.g., Saucier, supra* at 298, 512 A.2d at 1125.

■ Based on the testimony presented, we hold that a jury could rationally have concluded beyond a reasonable doubt that the defendant's acts manifested extreme indifference to the value of his mother's life. We therefore affirm the defendant's conviction.

*Affirmed.*

All concurred.