Hillsborough
No. 87-263

### THE STATE OF NEW HAMPSHIRE

v.

### MARK BALDIC

December 12, 1988

*Stephen E. Merrill*, attorney general (*Peter G. Beeson*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

SOUTER, J.   In this appeal from an armed robbery conviction, the defendant claims the Superior Court (*Bean*, J.) erred in declining to suppress evidence of his identification, as having resulted from an unlawful arrest. We affirm.

On October 4, 1986, at about 10:00 p.m., Leo Jutras was robbed at a Cumberland Farms Store in Milford. As soon as the robbery was over, Jutras got into his car, observed the perpetrator behind the store, and drove a couple of hundred yards to the Milford police station. He excitedly reported that he had just been robbed at the store by an individual who was still nearby, whom he described as a male with bushy hair wearing a green jacket.

An officer who heard the description immediately set out in his cruiser to search for the robber. It was raining, and he saw no pedestrians until, within moments, he encountered the male defendant walking rapidly away from the scene of the crime. As the cruiser approached the defendant from behind, the officer observed bushy hair and a dark jacket (which later turned out to be blue). When the officer shined a spotlight on the defendant, the latter failed to turn or respond in any way, but just continued walking fast until the officer turned on his blue lights and told the defendant to stop. The officer asked the defendant where he had been, and when the defendant mentioned a residence that the officer knew was next to the Cumberland Farms store, the officer arrested him, and the two returned to the police station. The whole sequence of events occurred within about five minutes of the victim's own arrival at the station. When the victim saw the defendant, he identified him as the robber, and evidence of the identification was admitted at trial over the defendant's claim that it was the fruit of an arrest unsupported by probable cause.

■■   "Probable cause to arrest exists when the arresting officer has knowledge and trustworthy information sufficient to warrant a man of reasonable caution and prudence to believe that the arrestee has committed an offense." *State v. Pierce*, 126 N.H. 84, 86, 489 A.2d 109, 111 (1985) (quoting *State v. Stevens*, 121 N.H. 287, 290, 428 A.2d 1241, 1243 (1981)). The facts were sufficient to support such a belief on the part of the arresting officer in this case. On otherwise deserted streets, and within minutes of a late evening robbery in a small town, the officer saw an individual who matched the victim's description of the perpetrator as a male with bushy

hair, and who was wearing a jacket that appeared to be consistent with the victim's description. The pedestrian was walking away from the scene of the reported crime, and while the rain might have induced his rapid gait, it did nothing to explain away his highly suspicious behavior in taking no ostensible notice of a bright spotlight suddenly shining upon him. When it was incumbent upon him to say something to the police officer, the pedestrian indicated he had been next door to the robbery scene.

■ Reasonable caution and prudence were satisfied in deciding that the man on the street had probably committed the robbery.

*Affirmed.*

All concurred.